**Mike and Corrine SHER,**
**Plaintiffs-Appellees,**

v.

**John BURCHE, Defendant-Appellant.**

**No. 2–68287.**

Court of Appeals of Iowa.

June 26, 1984.

John Burche, pro se.

Ronald E. Silver of Abbott, Silver & Koos, Davenport, for plaintiffs-appellees.

Considered by DONIELSON, P.J., and SNELL and SACKETT, JJ.

SACKETT, Judge.

Defendant landlord, John Burche, appeals from the district court's default judgment granting damages to the plaintiff tenants, Mike and Corrine Sher, for Burche's failure to provide garbage receptacles on the plaintiffs' premises. Burche claims that the district court erred in entering a default against him based on his absence from the trial, that the district court erred in denying Burche's untimely request for a jury trial, and that there was insufficient evidence to support the trial court's findings concerning liability and damages.

The plaintiffs are tenants of an apartment allegedly owned by the defendant. This case arises out of a dispute between the parties concerning the removal of garbage receptacles from the plaintiffs' premises. Prior to the removal of the receptacles, the defendant had arranged for garbage collection from the premises, but discontinued the service due to the plaintiffs' failure to pay for it. The defendant claimed that the plaintiffs, as tenants, were required to pay for garbage removal under the rental contract. The contract provided that the tenant was required to "make arrangements at his or her expense for all public utilities, and shall pay for said utilities in addition to the rent." On October 1, 1980, the defendant commenced a forcible entry and detainer action to evict the plaintiffs because of the unsanitary conditions of the premises resulting from their failure to remove the garbage. The trial court in that action entered a judgment in favor of the plaintiff tenants.

Subsequently, the plaintiffs filed a petition at law seeking damages for defendant's removal of garbage receptacles from plaintiffs' premises. They claimed that the removal of the receptacles was in violation of Iowa Code section 562A.15(1)(c) (1979), and sought damages to compensate them for the amounts personally expended for the removal of garbage and for the inconvenience of living in unsanitary conditions because of defendant's failure to remove garbage. The plaintiffs sought reasonable attorney fees because of the defendant's willful noncompliance with chapter 562A. The plaintiffs also sought damages and attorney fees because of the forcible entry and detainer action brought by the defendant against them. The defendant appeared pro se and answered, asserting that the tenants were responsible for all public utilities, allegedly including garbage collection.

On December 23, 1981, the defendant filed a "motion to move from trial court to jury." On January 13, 1982, the trial court denied the motion because it was untimely. The defendant did not receive a copy of the order denying the motion until January 22, 1982.

The trial was set for January 20, 1982, and the defendant apparently had notice of this date, although no such notice appears in the court file. The defendant failed to appear for the trial and the trial judge telephoned the defendant. The defendant's wife told the judge that he was working about forty miles away and that it would take an hour and a half for him to come to the courthouse because of adverse weather conditions. The judge informed the de-

fendant's wife that he would wait only one-half hour. After an hour, the judge entered a default and proceeded to a trial on damages. The defendant also claimed that his wife appeared and attempted to explain that the owner of the premises where the plaintiff lived was a corporation and not the defendant.

On January 27, 1982, the defendant filed a motion to reconsider, asserting in part that the case should be rescheduled for a hearing because the defendant was not aware that his motion for a jury trial was denied until January 22, 1982, and because the trial judge did not allow adequate time for the defendant to be present at the trial. The defendant also attempted to argue the merits of the case.

On February 2, 1982, the district court entered an order determining, on the basis of the evidence provided by the plaintiffs, that they were entitled to damages in the amount of $350 for the removal of the garbage receptacles, plus $577.50 in attorney fees for the defendant's failure to comply with Iowa Code chapter 562A and for the defendant's forcible entry and detainer action brought against the plaintiffs. Judgment was entered against the defendant in the amount of $927.50.

On February 16, 1982, the defendant filed a notice of appeal. On April 20, 1982, the trial court denied the defendant's motion to reconsider, finding that there was no basis for granting a new trial or to reconsider the judgment.

## I. *Default Judgment*

We must first determine whether the trial court erred in entering a default judgment based on the defendant's failure to appear at trial. Iowa Rule of Civil Procedure 230(c) provides that "[a] party shall be in default whenever he ... fails to present himself for trial ...." Burche attempted to cure the default shortly after it was entered by way of his "motion to reconsider." Iowa Rule of Civil Procedure 236 provides for setting aside defaults as follows:

On motion and for good cause shown, and upon such terms as the court pre-scribes, but not ex parte, *the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.* Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation. [emphasis added]

Because Burche's motion was filed well within the sixty-day period, it was timely filed.

A proceeding under rule 236 is at law. *Flexsteel Industries, Inc. v. Morbern Industries Ltd.,* 239 N.W.2d 593, 596 (Iowa 1976). A trial court has wide discretion in making its ruling. The burden is on the movant to plead and prove good cause to set aside the default or judgment thereon. Good cause is shown only if one of the grounds in the rule is proved. We are bound by trial court findings of fact if supported by substantial evidence. We view the evidence in its light most favorable to the court's ruling. *Id.* We will not interfere with its order in the absence of a showing of abuse of such discretion. Also, we are more reluctant to interfere with the grant of such a motion than with its denial. *Insurance Co. of North America v. Sperry & Hutchison Co.,* 168 N.W.2d 753, 756 (Iowa 1969).

A "good cause" is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect. It also requires "at least a claimed defense asserted in good faith." *Hobbs v. Martin Marietta Co.,* 257 Iowa 124, 128, 131 N.W.2d 772, 775 (1964); *Svoboda v. Svoboda,* 245 Iowa 111, 118, 60 N.W.2d 859, 863 (1953).

Neglect as used in rule 236 has been defined as "omission of proper attention; disregard of duty, from indifference or willfulness; failure to do, use, or heed anything; negligence." *Booth v. Central*

*States Mutual Insurance Association,* 235 Iowa 5, 9, 15 N.W.2d 893, 895 (1944).

■ While it is true if different inferences may be drawn from fact findings of the trial court, the findings are binding on this court; however, if there is no factual issue, the question is one of law and the appellate court is not bound by the determination of the trial court. *Hobbs v. Martin Marietta Co.,* 257 Iowa at 130, 131 N.W.2d at 776.

■ Finally, precedents are of little aid in proceedings of this kind in the determination of a particular appeal as there is much difference in the facts in the various cases. The facts in each case must rule its decision. *Svoboda v. Svoboda,* 245 Iowa at 118, 60 N.W.2d at 863.

■ There is substantial evidence in the record which would support a finding that Burche, acting on his own behalf, diligently defended this lawsuit. Upon receipt of original notice of the action, which was filed October 10, 1980, Burche filed an answer. In his answer, filed October 22, 1980, which was cast in memorandum form, Burche challenged the merits of the plaintiffs' claim based on the rental agreement. He also denied the damages claimed by the plaintiffs and asked that the plaintiffs be required to pay court costs. Burche further sought "punitive damage of $500 against the Plaintiff for the inconvenience and unsanitary conditions generated to the neighbor who is respecting the contract for rent." A "trial setting conference memo" was filed on December 22, 1981, but is not included in the appendix. On December 28, Burche filed a "motion to move from trial court to jury." The trial court's order denying Burche's motion was filed January 13, 1982, but the copy sent by the court to Burche was not postmarked until January 21, 1982, one day *after* the hearing date. In his rule 236 motion to set aside the default, Burche presented his argument as follows:

6. On January 20, 1982 at 9:30 AM, Judge Carstensen called Defendant's residence and talked to Defendant's wife, who was informed that in ½ hour the case No 63661 will be on trial and it was accepted that Defendant's wife could represent the Defendant, as a coowner of the property, and being aware of the case. At the Court House, Judge Carstensen refused to accept any deposition from the Defendant's wife, asked her to contact the Defendant and tell him that in ½ hour he should be present for trial. The judge was told that the Defendant works at Progress Park, half way between Muscatine and Letz, Iowa, 40 miles away from Davenport, and that takes 1½ hours of driving in winter conditions on slippery roads like it was on Jan 20th 1982. Judge Carstensen didn't accept more than ½ hr and considered the Defendant in default because he couldn't be present at the trial.

7. The Defendant who lost the case by default, prays the Court to reschedule the case for hearing due to the following reasons:

a. The Defendant was not aware that his motion, filed on Dec. 23, 1981, to transfer the case from trial to the court to a trial by jury was denied, and found out only on Jan 22, 1982, when the case was already judged.

b. The Judge Carstensen did not allow adequate time to the Defendant to be present to the hearing. The Defendant was informed only ½ hour before the hearing, through a telephone call, that he has to be present at the hearing in half hour. The judge neglected the fact that the defendant works at 40 miles distance from Davenport and that there were extremely hard winter driving conditions.

Judge Carstensen's judgment, entered February 2, 1982, found Burche in default for his failure to appear at trial and a judgment was entered against him in the amount of $927.50.

In view of Burche's diligence, the record would not support a finding that he ignored the notice of suit or neglected to give attention to the matter. *See Flexsteel,* 239 N.W.2d at 597. It appears from this record that Burche, after receiving notice of the action, acted with diligence, that he had a

defense on the merits, and that no substantial prejudice will result to the plaintiffs should a trial be granted. We conclude that Burche has shown affirmatively that he did intend to defend and took steps to do so, but because of some misunderstanding, accident, mistake, or excusable neglect failed to do so. No facts to the contrary appear in the trial court's judgment, nor are any facts to the contrary urged in the plaintiffs' brief on appeal. We find, therefore, that the trial court abused its discretion in overruling Burche's motion to vacate the default and the judgment entered thereon.

## II. *Jury Demand*

On December 28, 1981, Burche filed a "motion to move from trial court to jury" in order to "render better justice without prejudice to both parties." The motion was admittedly untimely filed. *See* Iowa R.Civ.P. 177(a), (b). We must determine whether the trial court abused its discretion in denying Burche's motion.

 Iowa Rule of Civil Procedure 177(d) provides:

Notwithstanding the failure of a party to demand a jury in an action in which such demand might have been made of right, the court, in its discretion on motion and *for good cause shown,* but not ex parte, and upon such terms as the court prescribes, *may* order a trial by jury of any or all issues. [emphasis added].

*Id.*

The granting or denial of a jury trial belatedly sought under this rule rests within the trial court's discretion. *Schupbach v. Schuknecht,* 204 N.W.2d 918, 920 (Iowa 1973).

The petition in this case was filed October 10th, 1980. Burche's motion for a jury trial was not filed until December 28, 1981. Furthermore, no "good cause" was alleged or shown for his failure to timely demand a jury trial. Under these circumstances, the trial court acted well within the bounds of its permitted discretion in overruling Burche's request for jury trial.

Because of our holding in division I of this opinion, we need not address the remaining arguments advanced by the appellant.

REVERSED AND REMANDED.