**Rick L. EASTON, Plaintiff-Appellee,**

v.

**CRYSTAL RIVER RESOURCES, INC.,
Defendant-Appellant,**

**Reggie Roper and George
Foster, Defendants.**

No. 83–1225.

Court of Appeals of Iowa.

Oct. 23, 1984.

Patrick N. Murphy of Dull, Murphy, Dull & Michaelson, LeMars, and David L. Lurie of Lurie & Simon, Kansas City, Mo., for defendant-appellant.

Ann E. Brenden of Gleysteen, Harper, Eidsmoe, Heidman & Redmond, Sioux City, for plaintiff-appellee.

Heard by OXBERGER, C.J., and SNELL and HAYDEN, JJ.

SNELL, Judge.

The plaintiff, Rick Easton, filed a petition on April 25, 1983. The cause of action was based on allegations of breach of contract and fraud stemming from an alleged agreement by the defendant, Crystal River Resources, Inc., to lend money to Easton. Crystal River Resources, a Missouri-based corporation, was served by personal service upon its registered agent, John Porter, of Rock Rapids, Iowa, on May 2, 1983. A default judgment in the amount of $743,283.50 plus interest was entered on May 26.

A motion to set aside the default judgment was filed on June 24, and was overruled.

Porter testified that Jim Barker, a representative of the company, discussed the possibility of Porter serving as the registered agent for the corporation in Iowa. However, Porter was not aware that he had been designated as the agent until he was served with process.

After receiving the original notice, Porter attempted to contact the corporation. He had a phone number and address which he received from some of Crystal River's customers. When he called, he was told that the corporation was no longer at that address, but had moved to the Livestock Exchange Building in Kansas City. Porter called someone in that building but was informed that the Crystal River corporation was not there. He then sent the original notice by certified mail to the corporation's last Kansas City address known to him. Subsequently he obtained an address for Crystal River from Jim Barker. The certified mail was returned to him unclaimed. There was, however, a notation on the envelope, "1600 Genessee, No. 601," which is the corporation's correct new address at the Livestock Exchange Building.

Crystal River claims that the trial court abused its discretion in failing to set aside the default judgment. Iowa Rule of Civil Procedure 236 provides:

> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation.

Iowa R.Civ.P. 236.

■ The trial court has broad discretion in determining whether to set aside a default judgment and the trial court's order will stand unless an abuse of discretion is shown. *Insurance Co. of No. Amer. v. Sperry & Hutchison Co.*, 168 N.W.2d 753, 756 (Iowa 1969). Findings of fact by the trial court are binding on us if supported by substantial evidence. *Id.*

■ We find substantial evidence to support the trial court's ruling that Crystal River failed to show mistake and/or inadvertence. Crystal River argues that the mistake lies with the United States Postal Service and/or with the party who told John Porter that the Crystal River offices were not in the Livestock Exchange Building. It states that the forwarding address was left and it had a right to assume that mail would be properly forwarded. However, there is nothing in the record to support the claim that a forwarding address was left with anyone.

What the record does establish is that Crystal River Resources named John Porter as its registered agent in Iowa, and failed to inform him of this. The record also shows that Crystal River Resources did not notify Porter of its change in address or phone number. Clearly, Crystal River has no one to blame but itself.

When a default judgment is entered because of attorney negligence of insurer negligence, the courts are more liberal in granting relief under Rule 236. *See Flexsteel Industries, Inc. v. Morbern Industries, Ltd.*, 239 N.W.2d 593, 598–99 (Iowa 1976) (default set aside where the defendant's insuror misunderstood the original notice); *Edgar v. Armored Carrier Corp.*, 256 Iowa 700, 705–07, 128 N.W.2d 922, 925–26 (1964) (default set aside where notice of suit was lost or mislaid by defendant's liability insuror); *Hobbs v. Martin Marietta Co.*, 257 Iowa 124, 132, 131 N.W.2d 772, 777 (1964) (default set aside where defendants forwarded suit papers to insuror but failed to check whether insuror received them; insuror did not receive them and failed to enter an appearance); *Handy v. Handy*, 250 Iowa 879, 885, 96 N.W.2d 922, 926 (1959) (default set aside where default was due to trial counsel's failure to appear at time set for trial).

 Similarly, if the client intended to defend the action but because of a good faith mistake was unable to, then the default judgment may be set aside. *Gordon v. Gordon,* 200 N.W.2d 527, 528 (Iowa 1972) (record showed defendant intended to defend but failed to appear because of a mix-up in dates). However, when the failure to appear is attributable solely to the litigant's error, then the court is less likely to set aside the judgment. *Haynes v. Ruhoff,* 261 Iowa 1279, 157 N.W.2d 914, 917–18 (1968) (defendant's confusion as to import of notice not grounds to set aside judgment). As the court said in *Haynes:*

> We must agree, and find in this record no evidence tending to show an undertaking by his insurance agent, lawyer, or anyone else, which misled defendant or interfered with his duty to appear and defend. He arrived at this decision himself as a result of his own thought process.

> In the case at bar defendant was afforded sixty days to appear, but chose to ignore the notice and did not use ordinary care or attention required to establish "good cause" for setting aside the default. The extent of his showing is that he was mistaken, that his judgment growing out of misconstruction or misunderstanding of the law was erroneous. It may be that defendant did show grounds for confusion, but we cannot hold that a lack of understanding as to the legal effect of a notice in a civil action will excuse one from taking affirmative action to obtain an understanding and an attempt to appear as required. To permit one to set aside a default when he admits he took no reasonable steps to appear and defend would abrogate completely the rules of civil procedure requiring appearances within a specified time and reward one's neglect or inattention to legal notices properly served upon him.

*Id.*

The negligence of Crystal River, like the confusion of the defendant in *Haynes,* does not provide a basis for setting aside the judgment. In arriving at this decision, we note defendant's argument that the size of the judgment should be considered in setting aside the default so that a trial on the merits could proceed. However, to do so would negate the statute. *Cf. Miller v. American Wonderlands, Inc.,* 275 N.W.2d 399, 403 (Iowa 1979) (dealing with the question of whether the forfeiture of a $50,000 real estate contract would be ordered because of a default of $10.48; the court stated: "[i]f we were to hold this trifling amount will not trigger a forfeiture we would in effect be repealing the statute").

The findings of the trial court are affirmed.

AFFIRMED.