**BANK OF CRAIG, CRAIG, MISSOURI, A Banking Corporation, Plaintiff-Appellee,**

v.

**John E. HUGHES and Beth L. Hughes, Defendants-Appellants.**

No. 86–254.

Court of Appeals of Iowa.

Oct. 22, 1986.

Lloyd R. Bergantzel, Council Bluffs, for defendants-appellants.

Gene Eaton, of Eaton & Longinaker, Sidney, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

SACKETT, Judge.

Defendants appeal from the trial court's refusal to set aside a default judgment of foreclosure foreclosing a mortgage held by

plaintiff on certain Iowa farm land owned by defendants and from the trial court's refusal to grant a moratorium under Iowa Code § 654.15 (1985).

## I.

On September 24, 1985, plaintiff filed a petition to foreclose a mortgage on certain Montgomery County, Iowa, farmland owned by defendants. The defendants were residents of Colorado. On October 2, 1985, defendants were served personally in Colorado with an original notice of suit. Defendants did not appear. On October 24, 1985, they were found to be in default and a judgment of foreclosure was entered.

On November 18, 1985, defendants answered plaintiff's petition and filed a motion to set aside the default under Iowa R. Civ.P. 236 contending defendants' failure to answer was caused by mistake, inadvertence and excusable neglect and further requesting a one-year moratorium as provided for in § 654.15. Attached to the motion was the affidavit of Defendant John E. Hughes contending the answer was not timely filed because he had insufficient time to obtain an Iowa attorney.

The trial court rejected defendants' claim and found no basis for granting the motion to set aside the judgment or the moratorium. The court also determined the defendants were not disputing the amount claimed.

Iowa R.Civ.P. 236 provides:

On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. Its filing shall not affect the finality of the judgment or impair its operation.

In *Sher v. Burche*, 353 N.W.2d 859, 862 (Iowa App.1984), we said:

A proceeding under rule 236 is at law. (Citations omitted.) A trial court has wide discretion in making its ruling. The burden is on the movant to plead and prove good cause to set aside the default or judgment thereon. Good cause is shown only if one of the grounds in the rule is proved. We are bound by trial court findings of fact if supported by substantial evidence. We view the evidence in its light most favorable to the court's ruling. We will not interfere with its order in the absence of a showing of abuse of such discretion. Also, we are more reluctant to interfere with the grant of such a motion than with its denial. (Citations omitted.) A "good cause" is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect. It also requires "at least a claimed defense asserted in good faith." (Citations omitted.)

■ If defendants intended to defend but because of a good faith mistake were unable to do so, the default may be set aside. However, where the failure to appear is attributable *solely* to the litigant's error, then the court is less likely to set aside the judgment. *Easton v. Crystal River Resources, Inc.*, 360 N.W.2d 138, 140 (Iowa App.1984). *See Haynes v. Ruhoff*, 261 Iowa 1279, 1286, 157 N.W.2d 914, 917–18 (1968) (determined lack of defendant's understanding of the legal effect of notice of suit will not excuse defendant from taking affirmative action to understand and appear as required); *Easton v. Crystal River Resources, Inc.*, 360 N.W.2d 138, 139 (Iowa App.1984) (failure to notify registered agent of corporation's address and/or phone number was not mistake and/or inadvertence which would justify setting aside default judgment).

■ We fail to find the trial court abused its discretion in failing to set aside the judgment. Having so determined, it is unnecessary for us to address the issue of failure to deny the claim.

## II.

Defendants next contend the trial court erred in failing to grant defendants a moratorium continuance under Iowa Code § 654.15 (1985). Defendants do not direct us to the subsection of the statute under which they claim relief. Section 654.15(1) provides in relevant part:

> In all actions for the foreclosure of real estate mortgages ... when the owner enters an appearance and files an answer admitting some indebtedness and breach of the terms of the designated instrument ... the owner may apply for a continuance of the foreclosure action if the default ... is mainly due or brought about by reason of drought, flood, heat, hail, storm, or other climatic conditions or infestation of pests.... The application must be in writing and filed at or before final decree....

Section 654.15(2) provides in relevant part:

> In all actions for the foreclosure of real estate mortgages ... an owner of real estate may apply for a moratorium ... if the governor declares a state of economic emergency.... In an action for the foreclosure of a mortgage ... eligible for a moratorium, the owner may apply for a continuation of the foreclosure if the owner has entered an appearance and filed an answer admitting some indebtedness and breach of the terms of the designated instrument....

An economic emergency was in fact declared by Governor Terry Branstad on October 1, 1985.[1] Plaintiff contends the moratorium does not apply because a judgment was entered before defendants made application for moratorium.

The defendants have answered and admitted some indebtedness and breach of the terms of the note and mortgage, *despite* the fact the judgment was entered. We note while § 654.15(1) specifically pro-

vides "[t]he application must be in writing and filed *at* or *before* final decree," § 654.15(2) contains no such language which would indicate the legislature did not intend for a moratorium based on economic conditions to be limited to applications filed at or before final decree.

The statute provides the trial court may grant such application:

> If the court finds that the application is made in good faith and is supported by competent evidence showing that default in payment or inability to pay is due to drought, fraud, heat, hail, storm, or other climatic conditions or due to infestation of pests, the court may continue the foreclosure proceedings ...

Iowa Code § 654.15(1) (1985).

■ We determine the legislature gave the trial court discretion in granting or denying the moratorium. It appears the legislature intended to impose a discretionary power as opposed to an imperative duty. "May" is indicative of discretion or choice between two or more alternatives. *United States v. Cook,* 432 F.2d 1093, 1098 (7th Cir.1970).

■ We determine the trial court did not abuse its discretion in denying the moratorium. Defendants did not produce sufficient evidence to support a finding the application was made in good faith and/or the owners were unable to pay or perform.

We therefore affirm the trial court's denial of the moratorium.

AFFIRMED.

---

1. On October 1, 1985, Governor Terry Branstad signed executive order number 20 triggering the farm foreclosure moratorium provided for in § 654.15.