**Betty WARD, Individually and as Next Friend of Stephanie Jewell, a Minor, Plaintiff–Appellee,**

v.

**Jerry J. POHREN, a/k/a Jerry P. Ohren, and Sharon J. Hawk, d/b/a Four Corners Tap and Restaurant, Lockridge, Iowa, Defendants–Appellants.**

No. 88–470.

Court of Appeals of Iowa.

Dec. 22, 1988.

Gerry M. Rinden of Wintroub, Rinden & Okun, Des Moines, for defendants-appellants.

Kenneth Keith, Lloyd Keith, and Joni Keith of Keith & Orsborn, Ottumwa, for plaintiff-appellee.

Considered by OXBERGER, C.J., and DONIELSON and SACKETT, JJ.

DONIELSON, Justice.

The defendants appeal from the district court's refusal to set aside a default judgment against them claiming the district court abused its discretion. The default was entered in a dram shop action brought against the defendants as operators of a bar, seeking to recover for damages allegedly caused by an intoxicated driver.

The plaintiff's petition was filed on September 11, 1987; the petition and original notice were served on the two defendants on September 14 and 15, 1987. Prior to the September 11th filing, the defendants and their insurer were served with the notice

required by Iowa Code section 123.93 that a dram shop claim would be made.

When neither defendant had filed an answer by October 16, 1987, the plaintiff filed a demand for default and the clerk of court entered a default. Ten days later, on October 26, the plaintiff moved for a judgment of default. On the same date, the district court entered a default judgment against the defendants in the amount of $54,301.40.

The defendants later filed a motion to set aside the default and a proposed answer. After a hearing, the district court refused to set aside the default judgment. The defendants have appealed.

The defendants contend that the trial court abused its discretion in refusing to set aside the default judgment on the defendants' timely motion when the facts indicated that defendants at all times intended to defend said action, that a meritorious defense existed, and there had been no prejudice to the plaintiff. Plaintiff argues that defendants are dram shop owners who have been involved in similar lawsuits before and thus knew the effect of the legal papers served upon them, yet they chose to ignore them.

The trial court has broad discretion in determining whether to set aside a default judgment, and the trial court's order will stand unless an abuse of discretion is shown. *Easton v. Crystal River Resources Inc.*, 360 N.W.2d 138, 139 (Iowa App.1984). Findings of fact by the trial court are binding on us if supported by substantial evidence. *Id.* We view the evidence in its light most favorable to the court's ruling. *Sher v. Burche*, 353 N.W.2d 859, 862 (Iowa App.1984).

The rule for setting aside a default is Iowa Rule of Civil Procedure 236. It provides in pertinent part:

> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.

Iowa R.Civ.P. 236.

The burden is on the movant to plead and prove good cause to set aside the default or judgment thereon. Good cause is shown only if one of the grounds in the rule is proved. *Sher*, 353 N.W.2d at 862. A "good cause" is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification for the resulting effect. It also requires at least a claimed defense asserted in good faith. *Id.*

If defendants intended to defend but because of a good faith mistake were unable to do so, the default may be set aside. However, where the failure to appear is attributable *solely* to the litigant's error, then the court is less likely to set aside the judgment. *Bank of Craig, Mo. v. Hughes*, 398 N.W.2d 216, 217 (Iowa App.1986).

Defendants Hawk and Pohren assert that they at all times intended to appear and defend this lawsuit, but were under the mistaken understanding that such defense would be undertaken by their insurance company and its attorneys. The defendants mistakenly believed that the original notice was served upon their insurer and that it was not necessary for them to turn their suit papers over to that insurer and their attorneys. This belief resulted from the fact that the initial claim notice of plaintiff's intent to bring an action was served upon defendants and their dram shop insurer pursuant to Iowa Code section 123.93.

The trial court found that defendants failed the test of good cause as laid out in *Haynes v. Ruhoff*, 261 Iowa 1279, 1286, 157 N.W.2d 914, 918 (1968), and *Hansman v. Gute*, 215 N.W.2d 339, 342 (Iowa 1974). A lack of understanding as to the legal effect of a notice in a civil action will not excuse one from taking affirmative action to obtain an understanding and to make an attempt to appear. *Haynes*, 261 Iowa at 1286, 157 N.W.2d at 918. Therefore, the trial court found defendants' grounds for setting aside the default to be no more than an excuse, a plea, apology, extenuation, or some justification, and denied the motion.

Substantial evidence supports the trial court's findings of fact. The defendants

have been doing business as the Four Corners Tap and Restaurant for approximately five years. *They had been involved in three other dram shop actions and were familiar with the proceedings.* In this case, when defendants received the original notice, neither made any attempt by telephone, letter, or otherwise to communicate in any manner with their insurance company, their agents, or their attorneys.

Even if the defendants were confused by the insurance company receiving the first dram shop notice, no affirmative steps were taken to clear up the confusion. Also, if defendants thought the insurer also received the papers, it is reasonable to expect defendants to inquire about the pending suit against them. Defendants did nothing. Defendants failed to establish good cause as required by rule 236 of the Iowa Rules of Civil Procedure. The trial court did not abuse its discretion in refusing to set aside the default judgment. Therefore, the decision of the trial court is affirmed.

AFFIRMED.