Joseph J. **RUSSELL**, Plaintiff,

v.

John W. **GARDNER**, Secretary of Health, Education and Welfare of the United States of America, Defendant.

Civ. No. 65–C–3006–W.

United States District Court

N. D. Iowa, W. D.

July 19, 1966.

William W. Gates, Sioux City, Iowa, for plaintiff.

Donald E. O'Brien, U. S. Atty., Sioux City, Iowa, for defendant.

## MEMORANDUM AND ORDER

HANSON, District Judge.

This is a ruling on a motion for summary judgment filed by the defendant, Secretary of Health, Education and Welfare.

The plaintiff's Complaint asks that this court review and reverse the finding that the claimant was not under the required disability. The Hearing Examiner found that "the claimant has failed to establish that he was under a 'disability' as defined in the Social Security Act * * *". The Hearing Examiner concluded "* * * that the claimant is not entitled to disability insurance benefits * * *". The Appeals Council thereafter denied a request for review.

This is a close case but the Court cannot say that there is no substantial evidence to support the Hearing Examiner's findings and conclusions. Where there is substantial evidence to support the findings, the Court must affirm and dismiss the Complaint. 42 U.S.C. Section 405(g); Brasher v. Celebrezze, 340 F.2d 413 (8th Cir.); Celebrezze v. Sutton, 338 F.2d 417 (8th Cir.).

In this case, Mr. Merrigan of the Iowa State Employment Office was called as a witness and testified that the claimant was unemployable primarily due to physical disabilities. While the

Examiner may have somewhat misstated Mr. Merrigan's testimony, the Examiner did expressly refuse to accept the testimony of Mr. Merrigan saying: "It is the obligation of the trier of fact to determine which part of the testimony and evidence weighs most heavily and to accept or reject in determining the extent of disability." This is, of course, the function of the agency. Under the applicable standards for reviewing determinations of credibility, the Court cannot say that the Examiner erred. N.L.R.B. v. Walton Mfg. Co., 369 U.S. 404, 82 S.Ct. 853, 7 L. Ed.2d 829; 4 Davis, Administrative Law, Section 29.06.

■ While there is no doubt that the claimant is under a number of serious physical disabilities, the medical testimony was not sufficient to prove the claimant's case as a matter of law. Dr. Larimer who examined the claimant for the Social Security Department stated in his report:

"This man does have residuals of his old left hemiplegia which makes it impossible for him to return to his former occupation which requires skilled, delicate movements of both hands. It is quite possible, however, that Vocational Rehabilitation and the good offices of the employment agency might help him find some more suitable occupation. In addition, he apparently had a myocardial infarction at sometime in the past, and has some coronary insufficiency manifested by angina of effort. This would again limit his activity and the type of work he could do, but I do not believe it is disabling even in conjunction with his previous cerebral accident. His hernia is well controlled with the truss and is not disabling."

■ Availability of work is not the issue. The Act is not to be interpreted as unemployment compensation. Celebrezze v. Sutton, supra.

Accordingly, it will be ordered that defendant's motion for summary judgment be granted, that the decision of the Secretary of Health, Education, and Welfare be affirmed, and the plaintiff's Complaint be dismissed.