**Walter HAYNES and Ruth Haynes,
Appellants,**

v.

**Edward J. RUHOFF, Appellee.**

**No. 52852.**

Supreme Court of Iowa.

April 9, 1968.

Miller, Pearson & Gloe, Decorah, for appellants.

Brown, Dresser, Kinsey & Jolas, Mason City, for appellee.

LARSON, Justice.

When the defendant Edward J. Ruhoff, a nonresident of Iowa, failed to appear in response to a proper and timely service of notice of an action for damages against him resulting from an automobile collision in Howard County, Iowa, the trial court on July 6, 1967, entered an order finding him "in default for failure to file pleadings as required by law." Defendant's motion to set aside default filed August 16th, after hearing, was sustained on August 24th and, upon application, this court granted interlocutory appeal.

The issues before us are whether defendant sufficiently met his burden to show "good cause" as is imposed upon him by rule 236, Rules of Civil Procedure, and whether, as a matter of law under the showing made, the trial court could set aside a default duly entered herein.

I. Rule 236, Rules of Civil Procedure, provides:

"On motion and for *good cause* shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. Such motion must be filed promptly after the discovery of the grounds thereof, but not more than sixty days after entry of the judgment. * * *" (Emphasis added.)

We have had occasion to consider this rule in a number of recent cases and have announced therein our view as to its application and meaning. Hobbs v. Martin Marietta Co., 257 Iowa 124, 131 N.W.2d 772; Edgar v. Armored Carrier Corp., 256 Iowa 700, 128 N.W.2d 922; Handy v. Handy, 250 Iowa 879, 96 N.W.2d 922; Svoboda v. Svoboda, 245 Iowa 111, 60 N.W. 2d 859; American State Bank v. Leaver, Iowa, 153 N.W.2d 348. Both parties here cite and make reference to these pronouncements.

Conclusions reached in these cases have application here. "A 'good cause' is a sound, effective and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." Svoboda v. Svoboda, supra. It is movant's burden to show "good cause" or "reasonable excuse." Booth v. Central States Mut. Ins. Assn., 235 Iowa 5, 15 N.W.2d 893. He must show his failure to appear and defend was not due to his negligence or want of ordinary care or attention, or to his carelessness or inattention. He must show affirmatively that he "did intend to appear and, defend, and took steps to do so, and because of some misunderstanding, accident, mistake or excusable neglect he failed to appear." Hobbs v. Martin Marietta Co., supra. We also said in Hobbs, in instances where there was a fact question under conflicting evidence, the trial court exercises a broad and wide sound judicial discretion in passing on good cause shown. Where there is no factual dispute, if the facts are such that different inferences may be drawn from them, the findings of the trial court, of course, are binding on the appellate court. Edgar v. Armored Carrier Corp., supra. However, where there is no factual issue, a showing of movant's lack of knowledge as to the legal effect of papers duly served upon him will not satisfy the rule. "As previously defined by this court, unavoidable casualty or misfortune means some casualty or misfortune growing out of conditions or circumstances that prevented

the party or his attorney from doing something that, except therefor, would have been done, and *does not includes mistakes or errors of judgment growing out of misconstruction or misunderstanding of the law, * * *.* " (Emphasis added.) Claeys v. Moldenschardt, 260 Iowa 36, 148 N.W.2d 479, at 483 and 484. Although courts favor trials on the merits (Newell v. Tweed, 241 Iowa 90, 40 N.W.2d 20), this objective must be qualified and cannot be extended to the point where a default will be vacated when the petitioner has ignored plaintiff mandates in the rules with ample opportunity to abide by them. "To do so would be to abrogate the rule and to reward negligence or inattention." Windus v. Great Plains Gas, 255 Iowa 587, 600, 122 N.W.2d 901, 909. The grounds for setting aside defaults and judgments entered thereon have been liberalized and we have given liberal interpretations of the requirements deemed sufficient to set aside a default (Hobbs v. Martin Marietta Co., supra), but we have never upheld such a grant where the movant fails to show any effort *to appear* in response to a due and timely notice.

In the case at bar, pursuant to a hearing the trial court concluded our decisions trended toward liberalizing rule 236, R.C.P., and the showing required to set aside a default. Although this is true, it appears if the rule is to be at all meaningful, this liberality must have some limitations. We have not as yet concluded that a showing of confusion and uncertainty by one served with a proper notice of a civil action is sufficient to permit or require the granting of a motion to set aside a default for failure to appear and defend. The trial court thought the circumstances revealed "good cause" for defendant's confusion and concluded this was sufficient. We must disagree.

II. To determine whether the showing was sufficient to raise a factual issue or whether it was sufficient to meet the requirements of rule 236, we now turn to the record. It discloses that, after the collision in Howard County, Iowa, defendant had a conversation with the sheriff of the county concerning the possibility of filing charges against the plaintiff driver, Walter Haynes, an Iowa resident. The sheriff told the defendant that he would discuss the matter with the county attorney to see if there were sufficient facts to warrant a criminal charge.

By ordinary mail on November 26, 1966, the sheriff sent to defendant for his signature an information charging plaintiff with a traffic violation. On December 6, 1966, this signed information was received by the sheriff. In the meantime on December 21, 1966, an adjuster for plaintiffs' insurance company sought and obtained a settlement and release of defendant's claims due to this accident. Sometime later the sheriff attempted to contact the defendant by telephone to arrange a hearing date in the criminal case, but was unable to do so. He then called defendant's insurance agent, Al Fuller, and assumed Fuller would relay the information to defendant.

By registered mail, return receipt requested, on April 6, 1967, the defendant received a letter from the sheriff informing him of the date of the hearing in the criminal matter and a subpoena directing him to appear for the hearing on April 8, 1967. He took these papers to his attorney, who advised him not to return to Iowa unless his expenses were advanced. Evidently they were not, and defendant did not appear at that trial.

About two weeks later by registered mail, return receipt requested, defendant received a notice of the civil action against him for damages brought by plaintiffs. Attached thereto was a copy of plaintiff's petition. Defendant did not take these papers to his attorney or confer with him about them. He did show them to Al Fuller, his insurance agent, but nothing more was done with them. By affidavit defendant stated he and Mr. Fuller thought the second registered letter referred to the same matter as the first, and he said: "Inasmuch as I

had been instructed by Attorney Baguhn to disregard the first I didn't pay any attention to the second letter."

When defendant failed to make any effort to appear and defend, default was entered against him on July 6, 1967. At the same time the court set August 23, 1967, as the time for proving damages and directed that a copy of its order be sent to defendant and to certain insurance companies presumably involved herein. The defendant did not ignore this communication, but took his copy of the order to Mr. Fuller, who sent it to his insurance company. On August 11, 1967, defendant appeared, on August 16th he filed his motion to set aside the default, and by answer on August 29th he alleged he had a good defense to the action.

III. Plaintiffs maintain the evidence here is not in dispute, that it gives rise to no inferences which are helpful to defendant and raises no factual issues to be resolved. It is their position that the evidence, viewed most favorable to the movant, shows no more than a false assumption by defendant that the service upon him in the civil action was only another attempt to get him to appear in the criminal action against the plaintiff, that he became confused and, after consulting his insurance agent, decided to ignore this notice. Such a showing, they contend, as a matter of law was insufficient. They point out it was defendant's duty and obligation to seek legal aid and advice if he did not understand the notice and petition served upon him. They maintain that he was negligent as a matter of law for not doing so, that he failed to act as an ordinarily prudent person dealing with his own business affairs when admittedly he failed to appear or secure another to do so for him, and that his neglect to seek legal advice, based upon confusion and uncertainty as to his obligation, showed conclusively that his failure to appear was not excusable or within the statute contemplation.

It is true, defendant showed he did nothing to indicate his intention to appear after receipt of the notice. As plaintiffs contend, this court has only upheld a grant of such relief when the movant has shown *an intent* to appear and defend, but because of the failure of others to perform their duties by neglect or other misfeasance, he was prevented from doing so. Nonfeasance of the movant has not been recognized as excusable neglect or unavoidable casualty as contemplated by rule 236, R.C.P. In other words, in our former cases neglect has been excused as a result of misfeasance, not nonfeasance, on the part of the defendant.

In Handy v. Handy, supra, 250 Iowa 879, 96 N.W.2d 922, the defendant did employ a lawyer and did file a pleading. It was his counsel's neglect that gave rise to the default. In Edgar v. Armored Carrier Corp., supra, 256 Iowa 700, 128 N.W.2d 922, the defendant, served with an original notice, turned it over to his insurance company, where it was lost during the attempted process. In Cogley v. Hy Vee Food Stores, Inc., 257 Iowa 1381, 137 N.W.2d 310, the defendant also turned the notice over to his insurance carrier, entered his appearance pro se, and notified his own attorney prior to the entry of the default. In Hobbs v. Martin Marietta Co., supra, 257 Iowa 124, 131 N.W.2d 772, the evidence showed that the defendant delivered the original notice served upon him to his insurance company and it was lost in transmission within that office. As plaintiffs point out, in each of these cases the defendant did something to show that he intended to appear and defend. He did not ignore the notice. He showed the neglect or casualty was not his, but due to the attorney or agent's mistake or casualty not attributable to him, the appearance was not timely made. In the case at bar, as plaintiffs contend, this element is lacking. There was no showing made from which it could even be inferred that defendant intended to appear. On the contrary, it is clear he did not so intend. We must agree, and find in this record no evidence tending to show an undertaking by his insurance agent, lawyer, or anyone else, which misled defendant or interfered

with his duty to appear and defend. He arrived at this decision himself as a result of his own thought process. As we have already pointed out in Hobbs v. Martin Marietta Co., supra, the reasonableness of this conclusion cannot be judged by a subjective standard.

IV. Defendant admits he did nothing after receiving the notice of this civil action except talk the matter over with his insurance agent. He said that they decided this notice and attached petition related to the previous criminal matter and believed the notice should be ignored. In any event, it clearly appears he did not seek legal advice thereon and did not request or expect his insurance company to participate in the matter.

Apparently, then, the problem presented is whether under the circumstances shown he should be excused for becoming confused and for disregarding the notice. He argues that, even though the trial court found he "was neglectful in his handling of the civil notice of suit," the court correctly concluded that defendant's confusion was "understandable" after all the contacts had with the criminal matter and that this was sufficient to show good cause under the rule.

■ We are satisfied a showing of confusion by the movant, because he and his insurance agent were not acknowledgeable in the ways of litigation and did not understand the consequences of a failure to appear in response to the notice, will not be deemed sufficient to comply with rule 236, R.C.P. If a showing that one is not knowledgeable in the law is sufficient, few applications thereunder could be denied. Further liberalizing of this rule has been considered by both the rules committee and the courts and rejected. In Windus v. Great Plains Gas, supra, 255 Iowa 587, 122 N.W.2d 901, we considered those views and held the rule should not be stretched to a point where a judgment will be vacated when the petitioner has ignored plain mandates of the rule with ample opportunity

to abide by it. Confusion, for one reason or another, seems to affect everyone these days, but when confused as to legal notices, reason requires that one seek legal advice in order not to disrupt court procedure and the expeditious adjudication of the parties' rights. In the case at bar defendant was afforded sixty days to appear, but chose to ignore the notice and did not use ordinary care or attention required to establish "good cause" for setting aside the default. The extent of his showing is that he was mistaken, that his judgment growing out of misconstruction or misunderstanding of the law was erroneous. It may be that defendant did show grounds for confusion, but we cannot hold that a lack of understanding as to the legal effect of a notice in a civil action will excuse one from taking affirmative action to obtain an understanding and an attempt to appear as required. To permit one to set aside a default when he admits he took no reasonable steps to appear and defend would abrogate completely the rules of civil procedure requiring appearances within a specified time and reward one's neglect or inattention to legal notices properly served upon him.

■ V. We are satisfied defendant failed to show anything more than an excuse, a plea, apology, extenuation, or an explanation for his failure to appear as required by the statute. He failed to show any effort to resolve his confusion or seek legal advice as he did when he received a subpoena previously. In other words, he chose to ignore this notice and decide for himself its import. This is not excusable neglect and the trial court erred in setting aside the default properly entered herein. The case must, therefore, be reversed and the cause remanded for further proceedings on the matter of plaintiffs' damages.

Reversed and remanded.

GARFIELD, C. J., and SNELL, MOORE, MASON, RAWLINGS, and LeGRAND, JJ., concur.

STUART and BECKER, JJ., dissent.