**MID–IOWA BUILDERS, INC.,**
**Petitioner-Appellant,**

v.

**Charles Roger SIDDENS and Iowa**
**Industrial Commissioner,**
**Respondents-Appellees.**

**No. 2–67421.**

Court of Appeals of Iowa.

Nov. 29, 1982.

As Corrected Dec. 16, 1982.

James R. Bowers of Scalise, Scism, Gentry, Brick & Brick, Des Moines, for petitioner-appellant.

Marvin E. Duckworth and Carol Ann Nix of Hopkins & Huebner, Des Moines, for respondents-appellees.

PER CURIAM.

Petitioner-employer appeals from the district court decision on judicial review affirming respondent-agency's refusal to set aside default judgment in a worker's compensation case, asserting that substantial evidence in the record showed good cause for setting aside default judgment. We affirm.

Respondent Charles Roger Siddens filed an original notice and petition for a contested case action claiming worker's compensation benefits for a "work-related" injury, a heart attack allegedly suffered by Siddens on September 15, 1977. The notice and petition was received by petitioner Mid-Iowa Builders, Inc. on September 17, 1979. Because Mid-Iowa failed to file an appearance or answer, a default judgment was entered against it on December 7, 1979. On December 27, Mid-Iowa filed a motion to set aside the default judgment. The Deputy Industrial Commissioner and hearing officer denied this motion after hearing, on the ground that Mid-Iowa had failed to show the requisite "good cause" for setting aside the judgment.

An appeal was then filed by Mid-Iowa to the Iowa Industrial Commissioner, who adopted and affirmed the Deputy's decision as the final decision of the agency. Mid-Iowa filed a petition for judicial review of the Commissioner's decision in the Iowa District Court for Polk County. The trial court filed its ruling on August 27, 1981, affirming the Commissioner's decision and remanding the case back to the Commissioner for a hearing on the merits of Sidden's claim. Mid-Iowa subsequently filed the present appeal, appealing from each and every matter inherent in the district court's ruling.

Our scope of review in this case is limited under Iowa Code § 17A.19, which provides, in relevant part:

8. The court may affirm the agency action or remand to the agency for further proceedings. The court shall reverse, modify, or grant any other appropriate relief from the agency action, equitable or legal and including declaratory relief, if substantial rights of the petitioner have been prejudiced because the agency action is:

a. In violation of constitutional or statutory provisions;

b. In excess of the statutory authority of the agency;

c. In violation of an agency rule;

d. Made upon unlawful procedure;

e. Affected by other error of law;

f. In a contested case, unsupported by substantial evidence in the record made before the agency when that record is viewed as a whole; or

g. Unreasonable, arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

The Iowa Supreme Court has cautioned: Judicial review of a decision of the Iowa Industrial Commissioner is not de novo, and the commissioner's findings have the force of a jury verdict. The commissioner, not the court, weighs the evidence, and the court broadly and liberally construes the commissioner's findings to uphold rather than defeat his decision.

*Holmes v. Bruce Motor Freight, Inc.*, 215 N.W.2d 296, 297–98 (Iowa 1974) (citations omitted).

Applying these principles to our judicial review of the instant case, we find that the district court correctly affirmed the decision of the Iowa Industrial Commissioner

that Mid-Iowa failed to show "good cause" to set aside the default judgment entered against it. Contrary to Mid-Iowa's contention, the Commissioner's decision refusing to set aside the default judgment was supported by substantial evidence in the record. The original notice and petition contained the following statement:

*You are required to file an Answer within twenty days of the receipt of this document...* Failure to comply may result in ... barring you from further activity for failure to appear and respond as required.

Yet Mid-Iowa had failed to file an answer or appearance by December 7, 1979, almost three months after it received the notice. In fact, the only action taken by Mid-Iowa was to send to the Commissioner a statement from the company's insurance agency that Siddens was self-employed, thus indicating that he was not covered under Mid-Iowa's insurance plan. This statement was not sufficient to comply with the mandate of the original notice and petition or with the law. The entry of a default judgment against Mid-Iowa was therefore appropriate.

Mid-Iowa contends that Siddens stated that he would not pursue his claim if he was not covered under Mid-Iowa's insurance plan. Siddens claims, however, that he never made any such statements, and an examination of the record supports his position. Furthermore, the Deputy Commissioner had the opportunity to study the demeanor of the witnesses, and chose to believe Siddens. On appeal, we give weight to the agency's determination of credibility.

*Russell v. Gardner,* 256 F.Supp. 1022, 1023 (E.D.La.1966).

Mid-Iowa's president testified that he neglected to take any action on the notice because he thought it was just "an insurance thing." However, the Iowa Supreme Court in *Haynes v. Ruhoff* stated that ignorance of the procedure or of the consequences of a failure to appear in response to the notice is insufficient to comply with Iowa Rule of Civil Procedure 236, which allows a default judgment to be set aside for "good cause." 261 Iowa 1279, 157 N.W.2d 914, 918 (1968). The *Haynes* court added: "The grounds for setting aside defaults and judgments entered thereon have been liberalized and we have given liberal interpretations of the requirements deemed sufficient to set aside a default, *but we have never upheld such a grant where the movant fails to show any effort to appear in response to a due and timely notice." Id.* 157 N.W.2d at 916 (citations omitted) (emphasis added). We conclude that the rationale of the *Haynes* court is dispositive of the issue in this case, and therefore hold that the trial court correctly affirmed the agency decision refusing to set aside the default judgment.

AFFIRMED.