Ranelle Jo DEW, Plaintiff–Appellant,

v.

AMERICAN HERITAGE LIFE
INSURANCE COMPANY,
Defendant,

IBP, Inc., Intervenor–Appellee.

No. 87–574.

Court of Appeals of Iowa.

Aug. 24, 1988.

J. Allen Orr, Sioux City, for plaintiff-appellant.

John D. Ackerman, of Eidsmoe, Heidman, Redmond, Fredregill, Patterson & Schatz, Sioux City, for defendant and intervenor-appellee.

Considered by DONIELSON, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

On February 11, 1984, plaintiff was involved in an automobile accident. The plaintiff had medical insurance through the defendant, American Heritage, as a benefit for working at IBP. Plaintiff received a settlement based on the accident and received two checks, one check payable to her and her attorney and a $12,000 check payable to her, her attorney, and American Heritage.

American Heritage had paid $12,000 of plaintiff's medical expenses. American Heritage resisted plaintiff's demand to sign the check over to the plaintiff asserting its rights under a subrogation clause to retain the $12,000 for medical benefits paid the plaintiff. Plaintiff contested the existence of the subrogation clause and filed this suit on July 22, 1986, seeking payment on the check.

On March 9, 1987, IBP filed a petition for intervention alleging that its interest is adverse to the plaintiff since IBP fully funds the benefits paid by American Heritage. IBP's petition reiterated to a large extent the answer filed by American Heritage. On March 17, 1987, the intervenor obtained a default judgment due to plaintiff's failure to respond within seven days after the petition for intervention was filed. Plaintiff filed a rule 236 motion to set aside the default. That motion was denied. Plaintiff appeals.

We are to determine whether the trial court properly overruled plaintiff's motion to set aside the default judgment. We affirm the trial court.

Rule 76 provides that the time limitation in which to respond is seven days and begins upon filing of the petition for intervention. Seven days from the filing of the petition would mean that the plaintiff would have had to respond on or before March 16, 1987. The plaintiff failed to do so and default judgment was entered.

Iowa Rule of Civil Procedure 236 allows the setting aside of a default judgment for "good cause shown" based on "mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." A party moving to set aside a default judgment has the burden to plead and prove good cause which requires a finding of mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. *Williamson v. Casey*, 220 N.W.2d 638, 639 (Iowa 1974); *In re Estate of Staab*, 192 N.W.2d 804, 807 (Iowa 1971).

"Good cause" for setting aside a default judgment is a sound, effective, truthful reason, something more than an excuse, a plea, an apology, an extenuation or some justification for the resulting effect." *Paige v. City of Chariton*, 252 N.W.2d 433, 437 (Iowa 1977). The movant must show that the failure to defend was not due to his or her negligence, want of ordinary care of attention, or to his or her carelessness or inattention. *Id.*

A motion to set aside a default judgment may present questions of fact and law. *First Nat'l Bank in Lenox v. Claiser*, 308 N.W.2d 1, 3 (Iowa 1981). Unless the facts are admitted, the movant must introduce evidence to establish good cause on at least one ground of rule 236. *Id.*

In granting or denying a motion to set aside a default, the trial court is vested with wide discretion and its findings on disputed facts are entitled to the same weight as a jury verdict. *Hansman v. Gute*, 215 N.W.2d 339 (Iowa 1974). Since these proceedings are at law, we are bound by the trial court's findings of fact if supported by substantial evidence.

In *Williamson v. Casey*, our supreme court set out the guidelines for ruling on a proceeding under rule 236:

> A proceeding under rule 236 is at law. A trial court has wide discretion in making its ruling. The burden is on the movant

to plead and prove good cause to set. aside the default or judgment thereon. Good cause is shown only if one of the grounds in the rule is proved. We are bound by trial court findings of fact if supported by substantial evidence. *Hansman v. Gute,* 215 N.W.2d 339, 342 (Iowa 1974). We view the evidence in its light most favorable to the court's ruling. Even where, as here, the trial court makes no findings of fact, or as in *In re Estate of Staab,* 192 N.W.2d 804 (Iowa 1971), bases its ruling on a different ground, we will uphold the ruling if any proper ground appears in the record.

Our task in each case is to decide, viewing the evidence in its light most favorable to the ruling, whether a rule 236 ground exists in the record to support the exercise of trial court discretion in ruling as it did.

A trial court abuses its discretion if it sets aside a default judgment under rule 236 without some proper basis in the record. *In re Estate of Staab,* supra, at 808; *Insurance Co. of No. Amer. v. Sperry & Hutchison Co.,* 168 N.W.2d 753, 757 (Iowa 1969). Where a factual basis is relied on and is not admitted by the adversary, the movant must offer evidence in support of his motion. It is his obligation to make an adequate record.

*Williamson,* 220 N.W.2d at 639–40.

■■■ We now look to find if the plaintiff has proved one of the grounds in rule 236. It is clear that the Iowa Rules of Civil Procedure require a responsive pleading within seven days from the date the petition for intervention is filed. A lack of understanding by plaintiff's counsel or a failure by plaintiff's counsel to read the Rules of Civil Procedure does not constitute good cause to set aside the default. This is so because "[g]ood cause is a sound, effective and truthful reason, not merely an excuse, plea, apology or justification." *Hastings v. Espinosa,* 340 N.W.2d 603, 608 (Iowa App.1983). A reading of the record indicates that the reason plaintiff failed to respond to the petition for intervention was a failure to read the Rules of Civil Proce-

dure even when rule 75 was mentioned in the petition.

In the case of *Haynes v. Ruhoff,* 261 Iowa 1279, 157 N.W.2d 914 (1968), the supreme court reversed the trial court's decision to set aside a default. Although this case does not involve an attorney and recognizing that a distinction has been drawn between an attorney error and a client error, the following passage from that case is instructive:

It may be that defendant did show grounds for confusion, but we cannot hold that a lack of understanding as to the legal effect of a notice in a civil action will excuse one from taking affirmative action to obtain an understanding and attempt to appear as required. To permit one to set aside a default when he admits he took no reasonable steps to appear and defend would abrogate completely the rules of civil procedure requiring appearances within a specified time and reward one's neglect or inattention to legal notices properly served upon him.

*Haynes v. Ruhoff,* 261 Iowa at 1286, 157 N.W.2d at 918. The court in *Haynes* also stated:

In the case at bar, pursuant to a hearing the trial court concluded our decisions trended toward liberalizing rule 236, R.C.P., and the showing required to set aside a default. Although this is true, it appears if the rule is to be at all meaningful, this liberality must have some limitations. We have not as yet concluded that a showing of confusion and uncertainty by one served with a proper notice of a civil action is sufficient to permit or require the granting of a motion to set aside a default for failure to appear and defend.

*Id.* 261 Iowa at 1280–85, 157 N.W.2d at 915–16.

Our supreme court, in *Claeys v. Moldenschardt,* 260 Iowa 36, 43, 148 N.W.2d 479, 483 (Iowa 1967), did state that unavoidable casualty or misfortune "does not include mistakes or errors of judgment growing out of ... misunderstanding of the law or the failure of parties or counsel through

mistake to avail themselves of remedies, which if resorted to would have prevented the casualty or misfortune." We conclude the good cause issue by finding the trial court did not abuse its discretion in denying plaintiff's motion to set aside the default judgment.

Plaintiff also asserts she was misled into believing a settlement would be procured as a result of communications by the defendant. Since this conversation took place after the seven-day response period had passed, we find this contention, as a ground for good cause, to be without merit.

Good cause for setting aside a default also requires that the movant make at least a claimed defense in good faith. *Sher v. Burche*, 353 N.W.2d 859, 862 (Iowa App. 1984); *Hastings*, 340 N.W.2d at 609. We do not believe the appellant has met this burden. We recognize that the appellant's defense to the intervention petition is that there was no subrogation provision in the insurance policy at the time of its issuance and that she did not receive notice of the addition of the provision prior to the settlement of the third-party lawsuit against Johnson and PBX.

Our review of the record shows that IBP, Inc., through American Heritage, paid in excess of $12,000 in medical expenses incurred by the plaintiff as a result of the February 11, 1984, accident. It is also evident from the record that the IBP, Inc. insurance policy for its employees as of February 11, 1984, provided that IBP, Inc. was subrogated to the rights of the insured employee against the third-party tortfeasor to the extent of the benefits paid or payable under the group policy. In addition, the record before us reveals that the group policy was subject to amendment without the consent or notice to the insured (plaintiff). When we couple those circumstances with the requests for admissions (which the plaintiff failed to respond to), it appears to us that the plaintiff does not have a good faith defense to the claim of the intervenor.

The plaintiff argues that the default should be set aside on grounds of extrinsic fraud pursuant to Iowa Rule of Civil Procedure 252(b). However, the plaintiff's motion to set aside the default judgment was made and argued in the trial court pursuant to rule 236 of the Iowa Rules of Civil Procedure. At no time did the plaintiff allege or argue the issue of extrinsic fraud to the trial court. Not having raised the issue in the trial court, the plaintiff is precluded from doing so for the first time on appeal. It is a basic rule of appellate practice that questions not presented to and not passed on by the trial court cannot be raised or reviewed on appeal. For that reason, we have not considered the remaining grounds of appeal asserted by appellant. The theory under which a case is tried in the trial court will be the theory upon which an appeal is based. *Shill v. Careage Corp.*, 353 N.W.2d 416, 420–21 (Iowa 1984).

For all of the foregoing reasons we affirm the trial court.

AFFIRMED.