**IN THE COURT OF APPEALS OF IOWA**

No. 16-0132
Filed November 9, 2016

IN RE THE MARRIAGE OF LESLEY MARIE DORLAND
AND KEVIN LEROY DORLAND

Upon the Petition of
**LESLEY MARIE DORLAND,**
        Petitioner-Appellee,

**And Concerning**
**KEVIN LEROY DORLAND,**
        Respondent-Appellant.
_____


        Appeal from the Iowa District Court for Clarke County, John D. Lloyd,

Judge.


        Kevin Dorland appeals the district court's denial of his motion to set aside

a default decree of dissolution of marriage.  **AFFIRMED.**


        Stephen P. Dowil of Booth Law Firm, Osceola, for appellant.

        Elisabeth S. Reynoldson of Reynoldson & Van Werden L.L.P., Osceola,

for appellee.


        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Kevin Dorland appeals the district court's denial of his motion to set aside the default decree dissolving his marriage to Lesley Dorland. He contends the district court abused its discretion in finding his default was not due to mistake, inadvertence, surprise, excusable neglect, or avoidable casualty. He claims he was surprised at the decree's "harsh and inequitable terms." We affirm.

### I. Background Facts and Proceedings.

Lesley filed her petition for dissolution of marriage on June 17, 2015. After talking to Kevin about accepting service of the petition, Lesley gave him a copy, but Kevin said he was not going to accept it. He then put the copy in the trash and burned it in front of her.

On June 23, Kevin was served by a deputy sheriff with the petition, original notice, and a family-law-case-requirements order. The return of service notes: "Refused to take paper, told him in setting it ib [sic] woodpile by door. He said that was fine. Told him he had 20 days to answer the paper." Kevin never answered or filed a motion in response to the petition.

On September 16, Lesley's counsel filed an attorney's certification of compliance with pretrial requirements and Lesley's affidavit of financial status with the court. Lesley's counsel mailed the documents to Kevin the same day. Kevin failed to respond in any way.

Lesley's counsel contacted Joe Harrison, program administrator of the Fifth Judicial District Mediation Program, requesting that Harrison contact Kevin to schedule a mediation. Harrison tried unsuccessfully to reach Kevin by telephone on September 22, so that same day, Harrison sent Kevin a letter

suggesting mediation occur the week of October 12. Harrison also requested that Kevin contact him. Kevin failed to respond.

On two occasions after Kevin had been served with the petition, Lesley gave Kevin a copy of the proposed decree that was later approved by the district court. She left a third copy at Kevin's house. Kevin failed to respond.

On September 22, Lesley's counsel mailed[1] a motion for default judgment and the requisite rule 1.972(3) notice to Kevin. *See* Iowa R. Civ. P. 1.972(2) (setting forth the requirements for making an application for entry of a default judgment). The notice specifically advised Kevin that he was in default and if he did not act within ten days from the date of the notice a default judgment would be entered against him without a hearing, which could affect his property or other rights. Again, Kevin failed to respond.

Lesley filed her motion for default judgment on October 6. Two days later, the district court entered a default decree dissolving the parties' marriage, dividing their property and debts, and awarding Lesley spousal support.

On November 24, almost two months later, Kevin filed, through counsel, a motion to set aside the default decree. He claimed the court was required to set aside the decree due to his "mistake, inadvertence, excusable neglect or unavoidable casualty, along with his surprise at the Decree's harsh and inequitable terms." Lesley resisted, and a hearing was held on December 17.

At the hearing, Kevin did not deny receiving the papers, but he instead claimed he just did not know or remember if he received them. When asked

---

[1] An affidavit of mailing does not appear in the court file, but Kevin does not deny that the motion was mailed to him or that he received notice of the motion.

what ground Kevin was relying on to set aside the default judgment, counsel responded:

> Both his memory loss and concentration lapses related to his [health] condition and medical treatment; as a result of that, along with the issue of reasonable surprise as referenced in one of the cases in here of the inequitable division being even if someone knew of the divorce, didn't care about it, didn't do anything about it and then when they got the final decree that it was inequitable in relation to the terms of it, how the property was broken down, things of that nature. That's sufficient grounds to overturn a default decree.

The district court denied Kevin's motion to set aside the default decree. It found:

> The record in this case shows that [Kevin] was served with notice of the filing of this action by [a deputy sheriff] on June 23, 2015. The return of service notes that [Kevin] at that time refused to accept the notice from the deputy, that the deputy left the notice for [Kevin], and that [Kevin] acknowledged the deputy's actions in leaving the notice. [Lesley] testified that, prior to the service by the deputy, she had attempted to deliver a copy of the notice to [Kevin] but that he had burned it in front of her. [Kevin] denied burning the paper but notably did not deny receiving it.
>     By affidavit, [Lesley]'s counsel certified that a notice of intent to take default was mailed to [Kevin] on September 22, 2015. The notice was mailed to [Kevin] at the address he has occupied for [thirty] years and was not returned. [Lesley] also testified that she had given [Kevin] proposed decrees on three different occasions. [Kevin]'s testimony that he "didn't know" if he got papers at any time is simply not credible.
>     This case appears to the court to be a situation where [Kevin] simply ignored the multiple notices he was given.

Kevin now appeals.

## II. Analysis.

### A. Motion to Set Aside Default Judgment.

A motion to set aside a default judgment is tried at law, not in equity. *See*

*In re Marriage of Cutler*, 588 N.W.2d 425, 429 (Iowa 1999).

> In ruling on a motion to set aside a default judgment, the district court is vested with broad discretion and will only be reversed if that

discretion is abused. We are bound by the district court's factual findings if supported by substantial evidence. The determination of whether a movant has established good cause is not a factual finding; rather, it is a legal conclusion and is not binding on us.

*Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009) (internal citations omitted). Generally, we find such an abuse only when there is a lack of substantial evidence to support the court's ruling. *See Paige v. City of Chariton*, 252 N.W.2d 433, 437 (Iowa 1977). We view the evidence in the light most favorable to the district court's ruling, *Flexsteel Indus., Inc. v. Morbern Indus. Ltd.*, 239 N.W.2d 593, 596 (Iowa 1976), although "[a]ll doubts are resolved in favor of setting aside the default." *Wilson v. Liberty Mut. Grp.*, 666 N.W.2d 163, 166 (Iowa 2003).

Iowa Rule of Civil Procedure 1.977 provides that on "motion and for good cause shown . . . , the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." Kevin bears the burden to plead and prove good cause. *See Sheeder*, 764 N.W.2d at 780. "Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 754 (Iowa 1994). Although "the underlying purpose of rule 1.977 is 'to allow a determination of controversies on their merits,'" "this objective is qualified because it cannot be extended to the point where a default judgment will be vacated when the movant has ignored the rules of procedure with ample opportunity to abide by them." *Sheeder*, 764 N.W.2d at 780 (citation omitted).

[T]o uphold a denial of a motion to set aside a default and default judgment, there must be substantial evidence that the *defaulting party willfully ignored or defied* the rules of procedure. "Willfully" and "defying" signal conduct that goes beyond negligent or careless conduct. Such words indicate conduct on the part of the defaulting party showing a deliberate intention to ignore, and resist any adherence to, the rules of procedure.

*Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 585 (Iowa 1999) (emphasis in original). A lack of understanding as to the legal process will not "excuse one from taking affirmative action to obtain an understanding and an attempt to appear as required." *Haynes v. Ruhoff*, 157 N.W.2d 914, 918 (Iowa 1968).

Here, the record establishes Kevin's conduct was not the result of mistake, inadvertence, excusable neglect, or unavoidable casualty. He simply chose to ignore the rules of civil procedure despite being afforded ample opportunity to abide by them. Other than making a fleeting reference to his medical condition, Kevin does not argue otherwise on appeal. Instead, citing *In re Marriage of Conger*, No. 01-0895, 2002 WL 1332477 (Iowa Ct. App. June 19, 2002), Kevin argues the decree should be set aside because "he was sufficiently surprised by the Decree's harsh terms."

In *Conger*:

Peggy filed a petition for dissolution of marriage . . . . Chris was served with original notice of the action . . . , but he failed to move, plead, or answer within twenty days of service. . . . Peggy's counsel mailed to Chris a notice of intent to file a written application for default . . . . Chris did not respond to the notice.
Peggy filed an application for default . . . . At the pretrial conference . . . , of which Chris was never given notice, Peggy presented evidence and the court entered a default judgment against Chris. On that same day the court entered a decree dissolving the marriage.
[Ten days later,] Chris, having obtained legal representation, filed a motion to set aside the default . . . , alleging the default was a result of inadvertence, mistake, excusable neglect, or

> unavoidable casualty. . . . The district court granted the motion and set aside the decree.

2002 WL 1332477, at *1. Peggy appealed, and this court affirmed, concluding the district court properly set aside the default decree on grounds of surprise. *See id.* at *2-3.

*Conger* is distinguishable from the case at hand. In granting the motion to set aside the default, the district court in *Conger* found "that Chris was legitimately surprised at the expansive terms of the default decree and noted '[l]ittle testimonial record made in support of the decree foreshadowed or substantiated the harsh consequences effected upon Chris.'" *Id.* at *2 (alteration in original). Here, the testimony establishes Kevin knew well the terms of the proposed decree before it was entered by the district court. On at least three occasions, Lesley gave Kevin a proposed stipulated decree to review which incorporated the same division of property and spousal support award as the decree eventually entered by the court.

In *Conger*, this court also found that "[s]ubstantial evidence support[ed] the court's findings that Chris expressed some interest in [the] case *prior* to the default decree and that he moved promptly following the entry of the default decree to set it aside." *Id.* at *2 (emphasis added). Although the *Conger* opinion does not indicate what interest Chris expressed before the decree was entered, Kevin expressed *no* interest in the litigation prior to entry of the decree. Moreover, Kevin did not move promptly following entry of the decree; he waited some forty-seven days after the decree was entered before filing his motion to set aside the default. Considering the distinguishing facts of *Conger*, coupled

with the legal proposition employed in *Conger* that "[w]e are more reluctant to interfere with the grant of a motion to set aside a default than with its denial," we do not find *Conger* persuasive here. *See id.* at *1 (citing *Ins. Co. of N. Am. v. Sperry & Hutchison Co.*, 168 N.W.2d 753, 756 (Iowa 1969)).

To permit Kevin to set aside the default judgment under the circumstances presented here "would abrogate completely the rules of civil procedure" and reward his deliberate neglect of this case. *See Haynes*, 157 N.W.2d at 918. Kevin did not meet his burden to show good cause to set aside the default decree. For the foregoing reasons, we conclude the district court did not abuse its discretion in denying Kevin's motion to set aside the default judgment.

### *B. Appellate Attorney Fees.*

Lesley seeks appellate attorney fees incurred in defending the appeal. This court has broad discretion in awarding appellate attorney fees. *See In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005). We consider the needs of the party seeking appellate attorney fees, the ability of the other party to pay, and the relative merits of the appeal. *See In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). After considering these factors, we decline to award appellate attorney fees.

### *III. Conclusion.*

Because Kevin did not meet his burden to show good cause to set aside the default decree, the district court did not abuse its discretion in denying Kevin's motion to set aside the default judgment. We decline to award appellate attorney fees, and costs of the appeal are taxed to Kevin.

**AFFIRMED.**