Steven C. SHEEDER, Plaintiff–Appellant,

v.

Bern BOYETTE, Defendant–Appellee.

No. 08–1086.

Court of Appeals of Iowa.

Feb. 19, 2009.

Heard by VOGEL, P.J., and VAITHESWARAN and EISENHAUER, JJ.

VOGEL, P.J.

Steve Sheeder, the plaintiff in an action seeking damages for deprivation of farm land, appeals from the district court's ruling setting aside a default judgment. Sheeder asserts that the district court abused its discretion in setting aside the default judgment because the defendant lied to the court as to his reason for not appearing for trial. We agree that "good cause" cannot be based on an untruth. Therefore, we reverse and remand for reinstatement of the original judgment.

## I. Background Facts and Proceedings

On July 3, 2006, Sheeder filed an action for deprivation of farmland naming Bern Boyette as the defendant. On September 17, 2006, Boyette was served with notice of the suit. Subsequently, the district court set a scheduling conference, but the conference was reset seven times because both parties failed to appear. On January 19, 2007, Sheeder filed a notice of intent to file an application for default. On March 8, 2007, Boyette filed an answer and counterclaim. On March 12, 2007, the district court scheduled trial for November 6, 2007.

Prior to trial, on August 6, 2007, Boyette's attorney filed a motion to withdraw. Boyette resisted his attorney's motion by submitting a letter to the court. On August 27, 2007, following a hearing, the district court granted Boyette's attorney's motion to withdraw.

On November 6, 2007, the case came on for trial and neither Boyette nor counsel for Boyette appeared. The district court received evidence offered by Sheeder to support the claims alleged in his petition.[1]

David Leitner, West Des Moines, for appellant.

Lyle Ditmars, Council Bluffs, and Richard Wilson, Lenox, for appellee.

1. The record on appeal does not contain a transcript of the hearing nor any of the evidence admitted.

The district court then entered a default judgment in the amount of $131,257.01 in favor of Sheeder and dismissed with prejudice Boyette's counterclaims.

On November 20, 2007, Boyette moved to have the default judgment set aside. Following a hearing, the district court granted Boyette's motion finding that the default judgment should be set aside on the grounds of excusable neglect. However, should Boyette be successful in any of his counterclaims, he would only be allowed damages to the extent of any damages awarded to Sheeder. On June 10, 2008, following a trial, the district court found that Sheeder was not entitled to notice of termination of the farm tenancy under Iowa Code chapter 562 (2005).[2] On other claims not at issue in this appeal, the district court entered judgment in favor of each party in the amount of $902.14.

## II. Default Judgment

 Iowa Rule of Civil Procedure 1.977 provides "[o]n motion and for good cause ... the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty." In ruling on a motion to set aside a default judgment, the district court is vested with broad discretion and will only be reversed if that discretion is abused. *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999). We are bound by the district court's factual findings if supported by substantial evidence. *Id.* The determination of whether a movant has established good cause is not a factual finding; rather, it is a legal conclusion and is not binding on us. *Id.*

 The burden is on the movant to plead and prove good cause. *Id.*; *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 754 (Iowa 1994).

Good cause is a "sound, effective, and *truthful reason.* It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Cent. Nat'l Ins. Co. of Omaha,* 513 N.W.2d at 754 (emphasis added); *Hansman v. Gute,* 215 N.W.2d 339, 342 (Iowa 1974). Rather, the reason for default must rise to one of the grounds enumerated in the rule: mistake, inadvertence, surprise, excusable neglect or unavoidable casualty. *Cent. Nat'l Ins. Co. of Omaha,* 513 N.W.2d at 754. Additionally, good cause requires at least a claimed defense asserted in good faith. *Id.*

 The underlying purpose of rule 1.977 is "to allow a determination of controversies on their merits rather than on the basis of nonprejudicial inadvertence or mistake." *Brandenburg,* 603 N.W.2d at 584. However, this objective is qualified because it cannot be extended to the point where a default judgment will be vacated when the movant has ignored the rules of procedure with ample opportunity to abide by them. *Haynes v. Ruhoff,* 261 Iowa 1279, 1282, 157 N.W.2d 914, 916 (1968). "[W]e have never upheld such a grant where the movant fails to show any effort to appear in response to a due and timely notice." *Id.*

 The issue before us is whether Boyette met his burden to prove "good cause." Boyette moved the district court to set aside the default judgment asserting that he did not have notice of the trial date. A hearing was held, during which Boyette claimed that he had difficulty in receiving his mail and thus did not have notice of the trial date. Skeptical of this claim, the district court noted several no-

---

**2.** Sheeder also appeals from the judgment asserting that the district court erred in considering Iowa Code section 562.6 as it was not raised nor pled by the parties. However, we do not reach this argument as we reverse and remand for entry of the default judgment.

tices and orders sent to Boyette by the clerk of court, none of which were returned as undeliverable. The court also discussed a series of correspondence between Boyette and his former counsel, all indicating Boyette was receiving his mail and aware of the progress of the litigation. The district court specifically found that

> [Boyette] was advised of the trial date of November 6, 2007 from a copy of the scheduling order sent to him by his attorney, was advised of the need for prompt attention to pre-trial issues in mid summer, and was further reminded at least of the general time frame of his trial in the letter of August 3, 2007.

However, Boyette did little to "obtain other counsel following the withdrawal of his attorney until faced with the entry of judgment against him. His denial of knowledge of the trial date is not credible." In spite of a finding that Boyette's asserted reason for not appearing at trial was false, the district court found that the default judgment should be set aside on the ground of excusable neglect. Upon the parties' motions to amend or enlarge, the district court again concluded "[Boyette] knew of the trial date."

Sheeder asserts that the district court abused its discretion because Boyette lied to the court in an effort to excuse his failure to appear at the scheduled trial. Therefore, Sheeder asserts Boyette did not establish good cause to set aside the default judgment. We agree. Pursuant to rule 1.977, the burden is on Boyette to establish good cause, which requires a "sound, effective, and truthful reason" that rises to one of the grounds enumerated in the rule. *Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 754. Because the district court found that Boyette's asserted reason for defaulting was not credible and indeed false, Boyette was unable to plead the prerequisite "truthful reason" and therefore unable to prove any of the grounds

enumerated in the rule. Thus, he was unable to prove good cause.

Nonetheless, the district court set aside the default judgment on the ground of excusable neglect, but not without some noted reluctance. The factors to be considered when setting aside a default judgment on the ground of excusable neglect are: (1) whether the defaulting party actually intended to defend; (2) whether the defaulting party asserted a claim or defense in good faith; (3) whether the defaulting party willfully ignored or defied the rules of procedure or was the default simply the result of the mistake; and (4) whether relief is warranted should not depend on who made the mistake. *See Brandenburg*, 603 N.W.2d at 585 (citing *Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 756).

The district court found factors one, two, and four presented little difficulty. The record demonstrated that at some point Boyette intended to defend the suit and asserted a good faith defense and counterclaim. Approximately eight months after the suit was filed, Boyette hired an attorney who filed an answer denying the plaintiff's allegations and asserted a counterclaim. When Boyette's attorney moved to withdraw, Boyette resisted that motion in a letter to the court stating he intended to defend the suit and was frustrated with his attorney's actions. Finally, once the default judgment was entered and Boyette received notice of this entry, he quickly moved to set aside the default judgment. *See Cent. Nat'l Ins. Co. of Omaha*, 513 N.W.2d at 756 (stating that whether the party moved promptly to set aside the default is significant in determining whether the party actually intended to defend).

However, the third factor, whether the defaulting party willfully ignored or defied the rules of procedure or whether the default was simply the result of the mistake, caused the district court "some difficulty."

The district court noted Boyette "consistently failed to appear for trial scheduling conferences and failed to file an answer until notice of [the first] intent to file for a default." Following the withdrawal of Boyette's counsel, he did little to defend the suit, including obtaining new counsel, until receiving notice of the default judgment. The district court did not believe Boyette's reason for not appearing for trial, but nonetheless found his intent "to defend was inconsistent with a finding that he willfully ignored and defied the rules of procedure." *See Brandenburg,* 603 N.W.2d at 585 (stating substantial evidence the default occurred as a result of a *mistake* is inconsistent with conduct that one willfully ignores or defies the rules of civil procedure).

Boyette offered no credible evidence his failure to appear was a mistake. As found by the district court, his stated reason for failure to appear was false. We disagree with the premise that one can lie to the court about the reason for not appearing and then succeed on a motion to have the default set aside. A movant cannot prove any of the grounds enumerated in the rule based upon an untruth. *See, e.g., Cent. Nat'l Ins. Co. of Omaha,* 513 N.W.2d at 754 (stating requisite good cause is a truthful reason); *Hansman,* 215 N.W.2d at 342 (same). In spite of the fact that at times Boyette intended to defend the suit, he did not put forth a credible reason for not attending the scheduled trial and defaulting. Thus, there was no truthful evidence that Boyette's asserted reason for defaulting was a mistake, such that it could support the district court's finding of excusable neglect.

We conclude that because Boyette's asserted reason for not appearing at the scheduled trial was false, he was unable to establish good cause to set aside the default judgment. Thus, we reverse and remand for reinstatement of the November 6, 2007 default judgment.

**REVERSED AND REMANDED.**