**IN THE COURT OF APPEALS OF IOWA**

No. 15-1193
Filed November 23, 2016

**IN RE THE MARRIAGE OF DELILA HEALEY
AND CODY O'HARE**

**Upon the Petition of
DELILA HEALEY,**
      Petitioner-Appellee,

**And Concerning
CODY O'HARE,**
      Respondent-Appellant.
_____

      Appeal from the Iowa District Court for Dubuque County, Thomas A. Bitter, Judge.

      A father appeals the district court's grant of the mother's application for default on her counterclaim for sole legal custody and the subsequent dismissal of his petition to modify the physical care of the children. **AFFIRMED.**

      Sheree L. Smith, Cedar Rapids, for appellant.

      Bradley T. Boffeli of Boffeli & Spannagel, P.C., Dubuque, for appellee.

      Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

Cody O'Hare appeals the district court's decision granting Delila Healey a default judgment on her counterclaim for sole legal custody and dismissing Cody's petition to modify the physical care of the children. Cody and Delila's marriage was dissolved by stipulated decree in 2004. The parties are the parents of three children: twins born in 1999 and another child born in 2002. The stipulated decree gave the parties joint legal custody and placed all three children in Delila's physical care, subject to Cody's visitation. A prior modification decision was entered in 2012, which generally denied a petition to modify the physical care of the children but granted a modification of the visitation schedule. Specifically, the court found at that time,

> The Court heard no evidence that the parties ever had a healthy relationship. Following a tumultuous marriage, they divorced by way of a stipulated decree. The extent and quality of communication between the parties was then and is now extremely poor. Accordingly, this is not a change in the circumstances that existed at the time of the decree, let alone a material and substantial change.

Thereafter, in July 2013, Cody filed another application to modify the physical care of one of the twins. That month, Delila filed an answer and counterclaim, asserting she should be granted sole legal custody and physical care of all three children. In August 2013, Cody filed an application for emergency temporary orders and an expedited hearing, noting the child at issue in his modification application had been in his care throughout the summer of 2013. The court denied the motion after conducting a hearing. A trial scheduling order was entered September 30, 2013, setting trial for January 21, 2014.

On January 9, 2014, a few days before the scheduled trial, Delila filed an application for entry of default judgment against Cody noting that while Cody had faxed his answer to Delila's counterclaim to Delila's counsel on October 11, 2013, this answer was never filed with the district court. The application noted a notice of intent to file written application for default was mailed to Cody's attorney on September 30, 2013. The trial set for January 21, 2014, was continued by consent of the parties and on February 5, the court granted Delila's application for default after "having reviewed the file." It does not appear that a hearing was conducted or that Cody filed a resistance to the application for default.

A new scheduling order was entered March 13, 2014, setting trial for April 28 on Delila's counterclaim. On April 7, on the sixtieth day after the filing of the order granting the application for default, Cody filed a motion to set aside the default, asserting an answer was sent to opposing counsel and the clerk of court but no answer was ever filed in the court record. On the same day, Delila filed a motion to dismiss Cody's modification petition noting the default judgment was granted in favor of her counterclaim and that made Cody's modification petition moot. The trial was once again continued and rescheduled to July 28, and a hearing was held on the motion to set aside the default on May 9, 2014.[1]

---

[1] While the hearing was reported, we have no transcript of the hearing to review on appeal as Cody did not order this transcript to be prepared for the purposes of this appeal. Therefore, our record contains only the district court's order denying Cody's motion to set aside the default. Also, following the hearing, but before the court issued its decision, Cody's counsel filed a motion to reopen the record in which she states, among other things, she never received the notice of default Delila's counsel sent in September 2013 because it was sent to a wrong address. Counsel also claimed in the motion to reopen that she was not prepared at the hearing because she believed the parties would settle the case and not proceed with the hearing. There is no indication the court ruled on this motion to reopen the record. We will thus not consider this

The court denied the motion to set aside the default on May 16, 2014, finding that it did not believe Cody's counsel's assertion that she sent Cody's answer to Delila's counterclaim to the district court for filing. The court determined the motion to set aside the default was not promptly filed because, while it had been filed on the sixtieth day following the entry of the default, Cody's counsel had no reason to wait that long except for her explanation that she was "too busy." The court concluded:

> [Cody] had more than ample notice as to the default, as well as more than ample time to cure the default. No reason was given as to why an answer was not filed after [Cody's counsel] was notified in writing that her answer was not on file with the Clerk of Court. The motion to set aside default was not filed promptly. No evidence was offered in support of the motion. At the hearing for [Cody's counsel's] motion to set aside the default, [Cody's counsel] came without a client, without her file, and without any evidence. The Court cannot find that there was any mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty. As such, [Cody's] motion to set aside default is DENIED.

The court went on to grant Delila's motion to dismiss Cody's modification petition as moot "because a default has been entered with respect to [Delila's] counterclaim."

Cody filed a new application to modify the physical care of the children on May 29. Cody's counsel also filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) on June 2, 2014, asserting the court should reconsider its denial of Cody's motion to set aside the default, explaining counsel did not take action on the application for entry of default judgment based on the belief that Delila's counsel would withdraw the application in light of counsel's concession to

_____

information part of the factual record before the district court at the motion to set aside the default.

have the trial date continued. The court denied the rule 1.904(2) motion on July 10, 2014.

Delila resisted the filing of Cody's new modification action and asked that the application be dismissed and Cody's attorney sanctioned. After a hearing on October 10, 2014, the court dismissed Cody's new modification action finding it to be "premature" in light of the fact no judgment had yet been entered following the entry of the default on Delila's counterclaim and the dismissal of Cody's initial modification action. The court ordered, "Cody shall not initiate any further modification proceedings until the proceedings related to the default are concluded."

A new trial date was set for March 23, 2015, for Delila's counterclaim. In advance of that trial date, Cody's counsel filed a witness list, exhibit list, and a document entitled "requested relief" that generally asserted his opposition to Delila's counterclaim. The trial date on the counterclaim was again reset to start on June 12 due to the unavailability of a judge on March 23. Counsel for Delila also filed a motion seeking clarification on what, if any, evidence Cody would be allowed to present at trial in light of his default. The court issued an order noting Cody was in default on the counterclaim and that default had not been set aside, and therefore, "he cannot present evidence at the hearing." Counsel for Delila moved to withdraw as counsel, which the district court granted, and the matter proceeded to trial on June 12 with Delila representing herself and Cody and his counsel appearing but presenting no evidence.

On the day of trial, two hours before the hearing, Cody's counsel filed a motion to dismiss Delila's counterclaim, asserting the prior order that precluded

his presentation of evidence was procured by ex parte communication with the court and the counterclaim was not proper in light of the fact the only counterclaim allowed in actions under Iowa Code chapter 598 (2013) are counterclaims for spousal support. See Iowa Code § 598.3. Cody asked that the counterclaim be dismissed and his modification petition be reinstated.

At trial on June 12, Delila testified, explaining why she wanted sole legal custody of all three children at issue. Cody's counsel was permitted to cross-examine Delila and made arguments consistent with the motion to dismiss filed before the hearing. The court ruled at the hearing:

> I know based on my dealing with this file that communication [is] not good, cooperation is not good. The whole situation between the two of you and your kids is not good. And based on the issue in front of me today with the default, I think it's appropriate to award sole legal custody. Again, that's not going to affect physical care. It's not going to affect visitation. But I am going to enter an order that provides that [Delila] will have sole legal custody for these children.

The court denied Cody's motion to dismiss at the hearing, stating that it concluded Cody was incorrect in his assertion the counterclaim was improper and the motion to dismiss was untimely filed. The court then filed an order stating:

> [Delila's] pleading requesting sole legal custody was filed herein in July 2013. Since that time, things have only gotten worse. For the reasons provided to the parties on the record, [Delila's] request for sole legal custody is granted. [Cody] is permitted access to information regarding school, medical care, legal issues, religious matters, etc., but [Delila] is given the ultimate decision-making authority for such things.
> [Cody's] Motion to Dismiss, filed June 12, 2015, is denied.

Cody filed a notice of appeal and asserts the district court erred in entering a default judgment against him. His first claim contends the notice of the intent to

file a default judgment Delila's counsel sent to his attorney in September 2013 was improper because it was addressed to his attorney and should have instead been addressed and sent directly to him.[2]  Delila claims this assertion was not preserved for appeal, and we agree.

Upon our review of the record, we do not find Cody making a claim at the district court that the notice sent in September 2013 was improper under the applicable rules of civil procedure because it was not addressed directly to him. This claim is not contained in Cody's motion to set aside the default, which was filed April 7, 2014.  We do not have a transcript of the hearing on the motion to set aside the default to determine if such claim was made during the hearing,[3] but nothing in the district court's order denying the motion to set aside the default indicates such a claim was made.  "It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002).  "If the court's ruling indicates that the court considered the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (citation omitted).  Based on the record before us, we cannot conclude the issue of the adequacy of the notice was ever presented to the district court nor

---

[2] *But see* Iowa R. Civ. P. 1.972(3)(b) ("When a party claimed to be in default is known by the party requesting the entry of default to be represented by an attorney, whether or not that attorney has formally appeared, a copy of notice of intent to file written application for default shall be sent by ordinary mail to the attorney for the party claimed to be in default.").

[3] It was Cody's obligation to order the transcripts of the relevant district court proceedings, and the only transcript ordered for this appeal was the June 12, 2015 hearing on Delila's counterclaim.

was it ever explicitly or impliedly ruled on. Therefore, we conclude this issue is not preserved for our review.

Next, Cody claims Delila's counterclaim was improper and did not require an answer to be filed. He asserts Iowa Code section 598.3 prohibits counterclaims to be filed in actions under chapter 598.[4] Because he asserts Delila's counterclaim was improper, he contends he cannot be found in default for failing to file an answer to that counterclaim.

Cody first made this claim in his motion to dismiss Delila's counterclaim, which was filed two hours before the hearing on June 12, 2015, which was set for Delila to prove up her claim for sole custody.

> "The doctrine of error preservation has two components—a substantive component and a timeliness component." To preserve error on appeal, the party must first state the objection in a timely manner, that is, at a time when corrective action can be taken, in addition to the basis for the objection.

*State v. Jentz*, 853 N.W.2d 257, 262 (Iowa Ct. App. 2013) (citation omitted).

This claim was asserted after the default judgment had been entered against Cody, after the court had denied Cody's motion to set aside the default, and after his modification application had been dismissed as moot. Cody should have raised this claim earlier when the issue of his failure to file an answer to the counterclaim was being evaluated by the district court. Cody filed no resistance to Delila's application for default, and his motion to set aside the default did not question the appropriateness or validity of Delila's counterclaim. By the time the

---

[4] We note section 598.3 provides, in part, that actions for *dissolution of marriage* "shall not be subject to counterclaim or cross petition by the respondent." This is not an action for the dissolution of a marriage but for the modification of a custodial decree. We therefore find Delila's counterclaim was not invalid in light of section 598.3 as Cody asserts on appeal.

issue was raised to the district court, the court could no longer grant the relief sought as it had already denied the motion to set aside the default and the hearing was limited to the evidence Delila could offer in support of her claim for sole legal custody. We therefore find the issue is not preserved for our review because it was not timely raised.

Finally, Cody claims the court abused its discretion in not granting his motion to set aside the default. Under Iowa Rule of Civil Procedure 1.977, if good cause is shown, a court may grant a motion to set aside a default judgment "for mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty." "In ruling on a motion to set aside a default judgment, the district court is vested with broad discretion and will only be reversed if that discretion is abused." *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009). We are bound by the district court's factual findings if the findings are supported by substantial evidence, but the question of whether good cause has been established is a legal conclusion that is not binding on us. *Id.* "We are more reluctant to interfere with a court's grant of a motion to set aside a default and a default judgment than with its denial." *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999).

It is the movant's burden to plead and prove good cause to set aside a default. *Sheeder*, 764 N.W.2d at 780. "Good cause is a 'sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect.'" *Id.* (quoting *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 754 (Iowa 1994)). While it is our preference that controversies be decided "on their merits rather

than on the basis of nonprejudicial inadvertence or mistake," the exception to set aside a default will not be extended "when the movant has ignored the rules of procedure with ample opportunity to abide by them." *Id.* (citation omitted).

Cody asserts his failure to file an answer was the result of excusable neglect or mistake. He claims the answer to the counterclaim was served on opposing counsel and mailed to the clerk of court but because of some "mailing error of unknown origin" the answer was never filed in the court file. In its order denying the motion to set aside, the district court found, after evaluating the arguments of counsel: "The Court does not believe that [Cody's attorney] ever sent the original document to the Clerk of Court for filing." We give deference to the district court's credibility findings because it was able to listen to and observe the demeanor of those in the courtroom. *See In re Marriage of Gensley*, 777 N.W.2d 705, 713 (Iowa Ct. App. 2009).

Even if we were to disregard this credibility finding, we still cannot conclude the district court abused its discretion. Cody's counsel was alerted to the lack of an answer to the counterclaim in September 2013, yet took no action to ensure an answer was on file. The deficiency was again illuminated when Delila's counsel filed the application for entry of a default judgment in January 2014. Again Cody's counsel took no action in the ensuing four weeks to file an answer or resist the entry of the default. The court entered default on February 5 after a review of the file demonstrated there was no answer on file or any resistance to the application for default. Counsel then waited until the sixtieth day after the entry of the default to file a motion to set aside the default, explaining the delay by only saying she was "too busy." Finally, at the hearing on

the motion, counsel offered no evidence to support Cody's motion to set aside the default. Thus, we cannot conclude the district court abused its discretion in deciding Cody had ample notice of the lack of an answer in the court file and ample time to cure the default and in determining Cody offered no evidence to support a conclusion that the default was the result of a "mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty." *See* Iowa R. Civ. P. 1.977; *In re Marriage of Huston*, 263 N.W.2d 697, 689–99 (Iowa 1978) (affirming the district court's refusal to set aside the default judgment entered where the facts indicate "mere inexcusable neglect").

We affirm the district court's denial of Cody's motion to set aside the default and the court's order granting Delila's request for sole legal custody.

Both parties request an award of appellate attorney fees. Such an award rests in our discretion and we consider, "'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.' We also consider whether a party was obligated to defend the district court's decision." *Christy v. Lenz*, 878 N.W.2d 461, 469 (Iowa Ct. App. 2016) (citations omitted). Upon consideration of these factors, we decline to award either party appellate attorney fees.

**AFFIRMED.**