# IN THE COURT OF APPEALS OF IOWA

No. 19-0067
Filed December 18, 2019


IN RE THE MARRIAGE OF TRINA LYNN SHIRBROUN
AND JOSHUA JAMES SHIRBROUN

Upon the Petition of
**TRINA LYNN SHIRBROUN,**
     Petitioner-Appellee,

**And Concerning**
**JOSHUA JAMES SHIRBROUN,**
     Respondent-Appellant.
_____


Appeal from the Iowa District Court for Carroll County, Gary McMinimee,

Judge.


Joshua Shirbroun appeals the denial of his motion to set aside a default

decree. **AFFIRMED.**


Andrew B. Howie of Shindler, Anderson, Goplerud & Weese, P.C., West

Des Moines, for appellant.

Vicki R. Copeland of Wilcox, Gerken, Schwarzkopf, Copeland & Williams,

P.C., Jefferson, for appellee.


Considered by Tabor, P.J., and Mullins and May, JJ.

**MULLINS, Judge.**

On April 5, 2018, Trina Shirbroun petitioned for the dissolution of her marriage to Joshua Shirbroun. On May 4, Trina advised Joshua through text message she wanted their marriage dissolved. Joshua responded, "Then do it." Trina responded, "I have." On May 17, Trina requested a separation, upon which Joshua moved out of the marital home. On May 22, Trina provided Joshua the original notice,[1] petition, and acceptance of service. Joshua signed the acceptance of service and returned it to Trina; it was filed two days later. Shortly thereafter, Joshua contacted Trina's attorney to retain her. Counsel advised Trina had already retained her, she could not provide legal advice, he needed to respond to the petition in twenty days or he would be in default, and Trina had ninety days to follow through with the dissolution. *See* Iowa Code § 598.19 (2018).

Joshua never filed an answer after accepting service, *see* Iowa R. Civ. P. 1.303(1), thus placing him in default. *See* Iowa R. Civ. P. 1.971(1). At some point, Joshua moved back into the marital home. From June 27 to July 23, Joshua was in Montana for business. On July 16, the district court entered an order setting a default hearing for September 4. The order directed the clerk to send a copy of

---

[1] The original notice provided:

> UNLESS YOU APPEAR by completing and filing an Appearance and Answer using the Iowa Judicial Branch Electronic Filing Interface at https://iowacourts.state.ia.us/EFile within 20 days after service of this original notice upon you judgment by default may be rendered against you for the relief demanded in the Petition.
> **NOTE: The attorney who is expected to represent the Respondent should be promptly advised by Respondent of the Service of this Notice.**

the order to Joshua no less than ten days before the hearing. The order admonished Joshua as follows:

> THE RESPONDENT IS ADVISED THAT UNLESS YOU ACT PRIOR TO THE TIME SET FOR HEARING, A DEFAULT JUDGMENT WILL BE ENTERED AGAINST YOU AT THAT TIME AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD SEEK LEGAL ADVICE AT ONCE.

The letter arrived at the marital home on July 22 or 23, where Joshua lived full time when he returned from Montana.

Trina appeared at the September default hearing with counsel and presented evidence in support of her petition. Joshua did not appear. On September 17, the court entered a default decree awarding the parties joint legal custody of their children, with physical care to Trina and visitation to Joshua; setting Joshua's child and spousal support obligations; and dividing the parties' assets and debts. On September 19, Joshua learned of the default. On September 24, Joshua, through counsel, filed a motion to set aside the default decree, to enlarge findings of fact and conclusions of law, and to stay the decree. He asserted he never received the July 16 order setting hearing and argued excusable neglect warranted setting aside the decree. *See* Iowa R. Civ. P. 1.977. Trina resisted.

A hearing on the motion was held in late October. Joshua conceded on cross-examination he would occasionally shuffle through the mail, which was always located on a counter in the home. The parties' daughter testified a letter addressed to Joshua from the Carroll County Clerk of Court had been sitting on said counter since July, where it still remained at the time of her testimony. Photo evidence showed said letter had never been opened.

Sometime in August or early to mid-September, Joshua contacted an attorney, whose advisements he testified led him to believe Trina dismissed her petition. In his testimony, Joshua was unable to provide a name for the attorney he allegedly contacted. Joshua generally testified he thought he and Trina were working toward reconciliation and he did not think she was seriously pursuing dissolution. Trina generally testified she and Joshua frequently discussed her intention of continuing to pursue dissolution but Joshua was in denial. Despite frequent discussions with Trina concerning the status of the marriage, she never mentioned the default hearing to Joshua.

In its detailed findings of fact, the court found several aspects of Joshua's testimony to be not credible, namely that he was unaware of the presence of the unopened envelope containing the scheduling order and that he contacted an attorney to seek verification that no dissolution action was pending. Ultimately, the court concluded Joshua's default was not due to excusable neglect. The court denied his motion to set aside the default decree, but granted in part his motion to enlarge the court's findings of fact. Joshua appeals, arguing the court abused its discretion in denying his motion.

"On motion and for good cause shown, . . . the court may set aside a default or the judgment thereon, for . . . excusable neglect . . . ." Iowa R. Civ. P. 1.977. The district court has broad discretion in ruling on a motion to set aside a default or the judgment thereon and will only be reversed if that discretion is abused. *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009). "Generally, we find such an abuse only when there is a lack of substantial evidence to support the district court's ruling." *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584

(quoting *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 753 (Iowa 1994)). If supported by substantial evidence, the district court's findings of fact are binding on appeal. *Sheeder*, 764 N.W.2d at 780. "[W]e view the evidence in the light most favorable to the district court's ruling." *Brandenburg*, 603 N.W.2d at 583 (quoting *Cent. Nat'l Ins.*, 513 N.W.2d at 753). "The determination of whether a movant has established good cause is not a factual finding; rather it is a legal conclusion and is not binding on us." *Sheeder*, 764 N.W.2d at 780. "The burden is on the movant to plead and prove good cause. Good cause is a 'sound, effective, and *truthful reason*. It is more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect.'" *Id.* (citations omitted). Granting a motion to set aside a default judgment is inappropriate "where the movant fails to show any effort to appear in response to a due and timely notice." *Id.* (quoting *Hayes v. Ruhoff*, 157 N.W.2d 914, 916 (Iowa 1968)).

We consider the following factors when determining whether a default judgment should be set aside on the ground of excusable neglect:

> (1) whether the defaulting party actually intended to defend; (2) whether the defaulting party asserted a claim or defense in good faith; (3) whether the defaulting party willfully ignored or defied the rules of procedure or was the default simply the result of the mistake; and (4) whether relief is warranted should not depend on who made the mistake.

*Id.* at 782.

The first two factors require a movant to "affirmatively show he intended to defend and took steps to do so, but because of some misunderstanding, accident, or excusable neglect failed to do so." *Brandenburg*, 603 N.W.2d at 585 (quoting *In re Marriage of Huston*, 263 N.W.2d 697, 698 (Iowa 1978)). An intention to

defend can be shown by acting promptly, forwarding a good faith intention to defend, and showing a meritorious defense. *Id.* (discussing *Edgar v. Armored Carrier Corp.*, 128 N.W.2d 922, 926 (Iowa 1964)). Here, while Joshua threatened to lawyer up, he made no meaningful attempt to defend, at least until after default was entered. And, we, like the district court, are unconvinced said failure was the result of any misunderstanding or accident. While Joshua cries ignorance, there is substantial evidence that Trina made her intention to go forward with dissolution clear. Yet, Joshua still failed to take action.

As to the third factor, denial of a motion to set aside is appropriate if there is "substantial evidence that the *defaulting party willfully ignored or defied* the rules of procedure. *Id.* The words "willfully" and "defying" concern "conduct on the part of the defaulting party showing a deliberate intention to ignore, and resist any adherence to, the rules of procedure." *Id.* Here, Joshua knew Trina petitioned for dissolution and he accepted service. The original notice clearly informed him at that time that failure to file an appearance and answer within twenty days could result in judgment by default against him. He never filed an appearance or answer. Instead, he admittedly variously questioned Trina about the status. And, again, we are unpersuaded Joshua was unaware of the envelope from the court containing the scheduling order. He lived in the marital home, where the letter remained on the counter unopened, where the family kept mail for years. He admitted to occasionally shuffling through the mail. The evidence is substantial that Joshua deliberately ignored it. *See id.* Lastly, the final factor dictates that the entitlement to relief does not depend on who made the mistake. *Sheeder*, 764 N.W.2d at 781. Joshua ignored the process, first after he accepted service of the

original notice and failed to file an appearance and answer, and second when he ignored the mailing from the clerk of court notifying him of the default hearing.

None of the factors weigh in favor of setting aside the default judgment. Consequently, we find no abuse of discretion in the district court's refusal to do so and affirm.

**AFFIRMED.**