# IN THE COURT OF APPEALS OF IOWA

No. 19-1891
Filed January 21, 2021

**JESSE RAY ALISHOUSE,**
    Plaintiff-Appellee,

**vs.**

**STEPHANIE ANN NICHOLSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cass County, Kathleen A. Kilnoski,

Judge.


Stephanie Nicholson appeals the denial of her motion to set aside default

judgment and entry of parenting plan.  **REVERSED AND REMANDED.**


Robert J. Engler of Cambridge Law Firm, P.L.C., Atlantic, for appellant.

Kyle E. Focht of Focht Law Office, Council Bluffs, for appellee.

Thomas J. Miller, Attorney General, and Justin D. Walker and Gary J.

Otting, Assistant Attorneys General, for appellee State.


Considered by Tabor, P.J., Ahlers, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**DANILSON, Senior Judge.**

Stephanie Nicholson has three children, one with Jesse Alishouse (A.R.A, born in 2012). Stephanie lives with her three children in Iowa. Jesse lives in Minnesota, approximately five hours away.

On August 8, 2019, Jesse filed a petition (DRCV025751) to establish custody, child support, and medical support in which he requested joint legal custody, physical care with Stephanie, "liberal visitation" for him, child support in accordance with the child support guidelines, and medical support. Jesse also requested Stephanie be ordered to pay his attorney fees. Also on August 8, Jesse filed a motion to consolidate his petition with a separate action (DRCV025710) filed by the Child Support Recovery Unit (CRSU) against him alleging paternity and a support debt.[1] The district court entered an ex parte order consolidating the two actions on that same date.

In the CSRU action, the CSRU filed a resistance to the motion to consolidate and Jesse's motion to continue a hearing set in that case. On August 9, the district court acknowledged the CSRU's resistance and ordered a hearing to be scheduled in the CSRU action. That same date, the court also entered an order in both the CSRU action and Jesse's paternity action setting a hearing on unspecified matters for October 15, 2019.

On August 15, notice of the paternity action was served on Stephanie in Atlantic.

---

[1] *See* Iowa Code ch. 252F (2019).

On September 5, Jesse filed a notice of intent to file written application for default, which asserted it was mailed that same date to Stephanie at the Atlantic address.

On September 19, Jesse filed an application for default requesting

> the court enter a default judgment against [Stephanie], that the parties be awarded joint legal custody of A.R.A. with primary care being awarded to [Stephanie] subject to [Jesse's] extraordinary visitation as set forth in his proposed parenting plan, that child support be set pursuant to the guidelines, that [Stephanie] be ordered to pay [Jesse]'s reasonable attorney fees along with the costs of this action, and for such other and further relief as the court deems just and equitable in the premises.

The court filed an order that same date finding Stephanie in default, which provides in part:

> 5. This matter has been consolidated with Cass County Docket No. DRCV025710 making the State of Iowa a party of interest herein. The issues of child support and medical support are reserved for final hearing on October 15, 2019.
> CONCLUSIONS OF LAW:
> 1. The court has jurisdiction over the parties and the child in this matter.
> 2. [Stephanie] is in default and judgment should be entered with regard to custody and visitation.
> ORDER:
> IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the parties shall be awarded joint legal custody of the minor child. . . .
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that [Stephanie] shall be awarded primary physical care of the minor child with rights of visitation awarded to [Jesse]. Jesse's proposed parenting plan is adopted and incorporated in the Decree as if fully set forth herein.

The court also ordered Stephanie to pay Jesse's attorney fees in the amount of $1047.

No proposed parenting plan was on file with the court until September 20. The parenting plan provided visitation to Jesse every weekend and eight weeks of visitation in the summer.

On October 8, Stephanie filed a motion to set aside the default judgment, accompanied by an affidavit in which she asserted the visitation ordered was excessive and not in the child's best interests, noting the several-hour travel time between the parties' homes. She also stated:

> After I was served with the Petition on August 15, I did prepare a response to the Petition and attempted to file it with the Court on several occasions. This included me going to the Courthouse and having someone at the Courthouse in Cass County, Iowa, put me through to the Help Desk. When I spoke with someone at the Help Desk, I was told that I had to clear out three different EDMS accounts in my name before I could file. Eventually, with the help of the Help Desk, again, I did electronically file a response and was assured by the lady I was talking to at the Help Desk that my response had been filed. Having believed that my response had been filed, I carried on. I never received a Notice of Intent to File Written Application for Default and I never received a Default Order or the Order Nunc Pro Tunc that was filed in this matter.
>
> It wasn't until Thursday, October 3, 2019, that [Jesse] informed me that there was a Default Order entered in this matter. Prior to that I had absolutely no idea that a Default Order existed. The following day I got in touch with an attorney and set up an appointment for Monday morning. I retained my attorney on Monday morning. Therefore, not even two days had passed from the time that I found out that there was a Default Order until I hired an attorney to deal with the Default Order.
>
> I did not understand that I should have received an email notification of the filing of my response. Therefore, I went back and looked at my account and noticed that [Jesse's] email address is the designated email address for my account. I do not know how that happened, but it certainly is concerning to me. I have attached to this Affidavit as Exhibit A a copy of a screen shot of my EDMS account.
>
> I am simply asking that the Court allow me to participate in this litigation. I had previously attempted to participate by making several attempts to e-file an Answer, went to the courthouse to file my response, and I spoke with the help desk to file my Answer. Again, I believe I filed an Answer in this matter.

After the October 15 hearing on the motion to set aside default and consolidation,[2] the district court entered an order, which provides in part:

> The burden is on Stephanie to show that good cause exists to set aside the default judgment and parenting plan because of mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.
> The court concludes that Stephanie has not carried her burden. Stephanie was personally served with the petition and original notice. The ten-day notice of intent to seek a default judgment was mailed to the same address at which she was served and at which she continued to reside at the time of this hearing.
> . . . .
> The default parenting plan awarded primary physical care of the child to Stephanie, following the parties' pattern of parenting time for most of the child's life. The court does not find evidence of surprise, mistake, inadvertence or excusable neglect on the part of Stephanie. Additionally, the court does not find any evidence to suggest that Jesse tried to mislead Stephanie or otherwise encouraged her to sleep on her rights.
> The court agrees with Stephanie that the every-weekend visitation provision of the parenting plan should be adjusted, likely with a view toward accommodating Stephanie's weekend work schedule, so that Stephanie can have some weekend time with the child.
> With the exception of the every-weekend provision, the court finds no reason to set aside the default judgment and parenting plan.

A support order was separately entered the same date, which was calculated providing Jesse with credit for extraordinary visitation.

After an additional hearing, the court entered an order reinstating the proposed parenting plan with every-weekend visitation.

Stephanie appeals, contending the court erred in not setting aside the default due to excusable neglect and that the outcome of the default judgment was not based on the best interests of the minor child. We agree.

---

[2] The CRSU withdrew its resistance to consolidation at the hearing.

Iowa Rule of Civil Procedure 1.977 provides that on "motion and for good cause shown . . . , the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect[,] or unavoidable casualty."

> In ruling on a motion to set aside a default judgment, the district court is vested with broad discretion and will only be reversed if that discretion is abused. We are bound by the district court's factual findings if supported by substantial evidence. The determination of whether a movant has established good cause is not a factual finding; rather, it is a legal conclusion and is not binding on us.

*Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009) (internal citations omitted). Our task is therefore to determine whether the circumstances of this case meet the requirements in order to set aside a default judgment under rule 1.977.

Stephanie bears the burden to plead and prove good cause. *See id.* "Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 754 (Iowa 1994). The purpose of the rule is to allow determinations of controversies on their merits, rather than on the basis of non-prejudicial inadvertence or mistake. *Paige v. City of Chariton*, 252 N.W.2d 433, 437 (Iowa 1977). Taking a liberal approach in interpreting inadvertence or mistake advances this principle. *Cent. Nat. Ins.*, 513 N.W.2d at 756.

> [T]o uphold a denial of a motion to set aside a default and default judgment, there must be substantial evidence that the *defaulting party willfully ignored or defied* the rules of procedure. "Willfully" and "defying" signal conduct that goes beyond negligent or careless conduct. Such words indicate conduct on the part of the defaulting party showing a deliberate intention to ignore, and resist any adherence to, the rules of procedure.

*Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 585 (Iowa 1999). We are more reluctant to interfere with the grant of a motion to set aside a default than with its denial. *Ins. Co. of N. Am. v. Sperry & Hutchison Co.*, 168 N.W.2d 753, 756 (Iowa 1969). "All doubts are resolved in favor of setting aside the default." *Wilson v. Liberty Mut. Grp.*, 666 N.W.2d 163, 166 (Iowa 2003).

We find good cause for setting aside the default judgment on grounds of surprise and excusable neglect. Here, Jesse's petition sought "liberal visitation" and Stephanie and Jesse were in communication about Jesse's petition, with Stephanie asking Jesse for his help in how to respond to it. Stephanie obtained counsel and moved to set aside the default less than twenty days after default was entered. She testified at the hearing that she could not initially afford an attorney and made attempts without the aid of counsel to answer the petition. Her attempts included visiting the clerk's office and contacting the help desk before becoming frustrated.[3] Significantly, Jesse's application for default judgment asked for "extraordinary visitation as set forth in his proposed parenting plan." Notwithstanding Stephanie and Jesse being in communication even after the filing of the notice of intent, Stephanie had no knowledge of the specifics of Jesse's proposed parenting plan—the parenting plan was not on file until *after* the court granted default. Stephanie was surprised upon learning there was a parenting plan and quickly obtained an attorney and objected to the specifics of the plan ordered. We agree with the district court that Jesse did not commit fraud, but he

---

[3] We acknowledge the electronic filing system is not perfect and is only as effective as the information inputted.

was fully aware that Stephanie had expressed reliance upon him and wanted to resolve the case in a realistic manner.

While our review of the ruling on the motion to set aside default is at law, child custody matters are in equity and the best interests of the child is the driving force. *See* Iowa Code § 598.41(1), (3); *Lambert v. Everist*, 418 N.W.2d 40, 42 (Iowa 1988) ("It is axiomatic that we are concerned above all else in child custody cases with the best interests of the child.").

The best interests of the child are not served by the terms of the parenting plan, and the court abused its discretion in approving the plan. The district court itself found the every-weekend visitation was not in the best interests of the child. Nonetheless, the court entered an order to that effect. Moreover, other terms of visitation such as eight weeks of summer visitation may also be improvident. Extraordinary visitation also impacts the child support award. *See* Iowa Ct. R. 9.9. We conclude the court abused its discretion in denying the motion to set aside the default decree.[4] Consequently, we reverse the denial of the motion to set aside default and remand for further proceedings, and we deny Jesse's application for appellate attorney fees.[5]

We award Stephanie appellate attorney fees in an amount to be determined by the district court on remand. We conclude her award is warranted due to the

---

[4] In light of the circumstance that Jesse was seeking a default judgment against the custodial parent, the district court might have been well advised to grant a default for want of appearance, fix a hearing to determine what relief should be granted, and command Stephanie's appearance.

[5] The order entered for support in the CSRU action shall remain in effect pending further order and proceedings in the district court.

relative needs of the parties.  *See Markey v. Carney*, 705 N.W.2d 13. 26 (Iowa 2005).

**REVERSED AND REMANDED.**