# IN THE COURT OF APPEALS OF IOWA

No. 20-0948
Filed April 14, 2021

**REVENANT CAPITAL, LLC,**
Plaintiff-Appellee,

**vs.**

**IOWA CASH BUYERS, LLC and R.C. HOMES, LLC,**
Defendants-Appellants.
_____

Appeal from the Iowa District Court for Jasper County, Martha Mertz, Judge.

Iowa Cash Buyers, LLC and R.C. Homes, LLC appeal the district court's refusal to set aside the default judgment against them. **AFFIRMED.**

J. Mason Bump of Sullivan & Ward, P.C., West Des Moines, for appellant.

Benjamin G. Arato of Wandro & Associates, PC, Des Moines, for appellee.

Considered by Vaitheswaran, P.J., and Tabor and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

Revenant Capital, LLC sued Iowa Cash Buyers, LLC, R.C. Homes, LLC, and Ryan Arguello for damages arising from its financing of home renovation projects. Arguello was the registered agent for Iowa Cash Buyers and R.C. Homes (collectively, the companies). Revenant served all three defendants with the petition and original notice at Arguello's home address, authorizing his wife to accept service. When the defendants failed to file timely answers to the petition, Revenant mailed them a notice of intent to file a default judgment. The notice was not mailed to Arguello's home address but to the address disclosed on the Secretary of State's website for the registered agent of the companies. Revenant followed up with a motion for default judgment. The district court granted the motion, held a hearing to assess damages, and entered a joint and several judgment for compensatory and punitive damages against all three defendants.

The defendants moved to set aside the default judgment. The district court granted the set-aside motion with respect to Arguello but denied the motion with respect to the companies. The companies appealed.

Iowa Rule of Civil Procedure 1.972(3)(a) states "notice of intent to file written application for default shall be sent by ordinary mail to the last known address of the party claimed to be in default." The statute governing limited liability companies states, "A . . . registered agent is the company's agent for service of process, notice, or demand required or permitted by law to be served on the company." Iowa Code § 489.116(1) (2019). The name of the registered agent and the street address of the office must be included in the certificate of organization. *See id.* § 489.201(2)(b).

The companies argue, "Revenant failed to abide by the procedural requirements for an entry of default judgment by using an address different from the last known address used in their original notice when they filed their notice of intent to apply for default with the clerk of court." Revenant responds that "when a corporate entity provides an address to the Iowa Secretary of State for a registered agent or reserving party, that address may be relied on as a 'last known address' for purposes of [rule] 1.972(3)."

At the hearing on the defendants' motion to set aside the default judgment, their attorney stipulated that "at the time of service [of the petition], . . . per the Secretary of State's office, that the registered agent [of the two company defendants] was Ryan Arguello and the registered office was" a different address than the address at which the defendants were served with process. We conclude the address listed with the Secretary of State was the "last known address" of the companies, within the meaning of Rule 1.972(3). Revenant did not breach the procedural requirements of Rule 1.972(3) by mailing the companies notice of its intent to enter a default at the address for the registered agent listed on the Secretary of State's website. *See Elliot v. Hughbis & The Kernel, Inc.*, No. 11-0983, 2012 WL 666747, at *1 (Iowa Ct. App. Feb. 29, 2012) (noting registered agent of a corporation was personally served with process but was mailed notice of default).

We reach that conclusion notwithstanding Arguello's willingness to have his wife accept service of process for the companies at his home address. As Revenant notes, "[o]riginal notices are 'served' by delivering a copy to the proper

person." Iowa R. Civ. P. 1.305. For limited liability companies, delivery would be made to

> any present or acting or last known officer thereof, or any general or managing agent, or any agent or person now authorized by appointment or by law to receive service of original notice, or on the general partner of a partnership.

Iowa R. Civ. P. 1.305(6); *see also* Iowa R. Civ. P. 1.306 ("Service may be made on any such corporation, individual, personal representative, partnership or association as provided in rule 1.305 within or without the state . . . ."). Although that was the last known address for Arguello and the court accordingly granted the motion to set aside the default as to him, Revenant could reasonably have determined that the official last known address for the companies was the one listed with the Secretary of State.

The companies next argue "good cause existed to set aside default and default judgment against" them. *See* Iowa R. Civ. P. 1.977 ("On motion and for good cause shown . . . the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty."). The district court concluded the companies "failed to establish 'good cause' to set aside the default judgment." The court reasoned that "Arguello did not update the information on the Secretary of State's office nor provide that office with a current address" and "[t]hat failure" was "attributable to Defendants, not Plaintiff."

"Good cause is a sound, effective, and truthful reason. It is something more than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect." *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 700 (Iowa 2021) (quoting *Cent. Nat'l Ins. Co. of Omaha v. Ins. Co. of N. Am.*, 513 N.W.2d 750, 754 (Iowa

1994)). We are to liberally construe rule 1.977 "to afford an opportunity for adjudication on the merits." *Id.* At the same time, we will not vacate a judgment "when the movant has ignored the rules of procedure with ample opportunity to abide by them." *Sheeder v. Boyette*, 764 N.W.2d 778, 780 (Iowa Ct. App. 2009). That is the case here.

Arguello was the only principal of both companies and the only person listed as registered agent of the companies. Arguello did not file an answer on behalf of the companies because he hoped "to work this out" with Revenant.[1] He acknowledged having read both the original notice, which set forth the answer deadline, and the petition. He also admitted he knew how to complete a statement of change of registered office and/or registered agent because he had done so in 2016. He provided no reason for failing to update his registered agent address on the Secretary of State's website. On this record, we conclude the companies' motion to set aside the default judgment amounted to no more "than an excuse, a plea, apology, extenuation, or some justification, for the resulting effect" and the district court did not err in concluding they failed to establish good cause. *See Hoosman*, 953 N.W.2d at 700.

We affirm the district court's refusal to set aside the default judgment against the companies.

**AFFIRMED.**

---

[1] Arguello reached out to the principal of Revenant after the petition was filed but before he was served with process. Several days later, Revenant offered to settle the matter "by way of monthly payments, as well as signing a confession judgment." Arguello did not provide Revenant with a substantive response to the offer.