# IN THE COURT OF APPEALS OF IOWA

No. 20-0534
Filed April 14, 2021

IN RE THE MARRIAGE OF REBECCA BACHAR RIAZ
AND SOHRAB RIAZ

Upon the Petition of
REBECCA BACHAR RIAZ,
    Petitioner-Appellant,

And Concerning
SOHRAB RIAZ,
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Jefferson County, Lucy Gamon, Judge.

A wife appeals the district court decision denying her motion to set aside a default dissolution decree. **AFFIRMED.**

David Burbidge of Johnston, Stannard, Klesner, Burbidge & Fitzgerald, P.L.C., Iowa City, for appellant.

Dana A. Judas of Nazette, Marner, Nathanson & Shea LLP, Cedar Rapids, for appellee.

Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Rebecca Riaz, now known as Rebecca Bachar, appeals the district court decision denying her motion to set aside a default dissolution decree. Like the district court, we find Rebecca's reasons for not appearing for the dissolution trial were not credible, and therefore, she has not met her burden to show good cause for setting aside the dissolution decree. We determine each party should pay their own appellate attorney fees. We affirm the decision of the district court.

## I.       Background Facts & Proceedings

Sohrab Riaz and Rebecca Riaz, now known as Rebecca Bachar, were formerly married. They have a child who was born in 2008. Rebecca filed a petition for dissolution of marriage on November 20, 2018. At that time, Rebecca and the child were living in Iowa and Sohrab was living in Canada. Rebecca was represented by an attorney.

Sohrab filed an answer on February 1, 2019, and he was also represented by an attorney. An order filed on May 7 set the case for trial on December 11 at 9:00 a.m. On September 16, Rebecca's attorney filed a motion to withdraw, stating their working relationship was not "sustainable." The district court granted the motion on September 30. Thereafter, Rebecca represented herself.

At some point, while the dissolution was pending, Rebecca and the child moved to Montana. Sohrab filed an application for writ of habeas corpus seeking an order for Rebecca to return to Iowa with the child. A hearing on Sohrab's application was originally set for October 28, then continued to November 4. Rebecca did not appear personally or by counsel. Sohrab requested a default on the application. The court granted his request, finding Rebecca was "properly

served notice of the hearing and the time set for same via EDMS." She was assessed attorney fees of $750 and ordered to present the child to the court at the time set for the trial on December 11. The district court further ordered that Rebecca was "prohibited from presenting any exhibits or testimony regarding any affirmative relief she may seek."

On December 4, counsel for Sohrab filed an affidavit stating exhibits and an exhibit list were emailed to Rebecca. On December 6, Rebecca filed a motion for a continuance of her dissolution hearing. She referenced an incorrect trial date of December 15 in her motion to continue. Sohrab resisted the request for a continuance. The court entered an order on December 9 denying the continuance and stating the trial would remain set for December 11.[1] The dissolution hearing was held on December 11.[2] Rebecca did not appear, and no one appeared on her behalf.

The district court entered a default dissolution decree on December 12.[3] The court awarded the parties joint legal custody, with Sohrab having physical care of the child. Rebecca was granted visitation and ordered to pay child support. On December 19, Rebecca asked the court to revisit its ruling. Sohrab resisted her

---

[1] On December 10, Rebecca filed a statement again asking for a continuance and stating she did not understand the Electronic Data Management System (EDMS). Sohrab filed a renewed resistance to the motion to continue. There is not a specific ruling in the record on the second request for a continuance.

[2] At the beginning of trial, the district court learned there was a concurrent divorce proceeding between the parties in Canada. The district court conferred with a court supervisor for the Superior Court of Justice, Family Court Branch, Oshawa, Ontario, Canada, to confirm the divorce proceeding in Canada had been dismissed.

[3] Rebecca appealed the district court's ruling. The appeal was dismissed as untimely.

request. The court found Rebecca did not comply with the Iowa Rules of Civil Procedure and did not address her request.

On January 28, 2020, Rebecca filed a motion to set aside the default dissolution decree. At the hearing on her motion, Rebecca testified she "did not understand the eFile system." She stated she obtained a protective order through the EDMS system but was "not a computer person." She also stated she had only filed one paper in EDMS. Rebecca testified she did not receive notifications to her email about court filings. Furthermore, she stated the dissolution hearing was originally scheduled for December 15 and it was changed to December 11. Sohrab argued that Rebecca had been using EDMS since September 4.

The district court denied Rebecca's request to set aside the default dissolution decree. The court stated, "You said that you didn't receive documents by email, but you certainly knew how to use the eFiling system because there's all kinds of motions in here before the trial from you. So you knew how to use the eFiling system. That's quite clear." The court determined Rebecca did not meet her burden to show "mistake, inadvertence, surprise, excusable neglect, or unavoidable casualty." Rebecca appealed the district court's decision.

## II.     Standard of Review

This action was brought in equity and our review is de novo. Iowa R. App. P. 6.907. "In equity cases, especially when considering the credibility of witnesses, the court gives weight to the fact findings of the district court, but is not bound by them." Iowa R. App. P. 6.904(3)(g).

### III.    Motion to Set Aside

Rebecca claims the district court should have granted her motion to set aside the default dissolution decree.  She contends there was good cause for her failure to appear at the dissolution trial on December 11, as she did not have sufficient financial resources to travel to Iowa and she did not understand the EDMS filing system.[4]  She asserts that she believed the trial was on December 15.

Iowa Rule of Civil Procedure 1.977 provides:

> On motion and for good cause shown, and upon such terms as the court prescribes, but not ex parte, the court may set aside a default or the judgment thereon, for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.  Such motion must be filed promptly after the discovery of the grounds thereof, but not more than 60 days after entry of the judgment.  Its filing shall not affect the finality of the judgment or impair its operation.

Courts have "broad discretion in ruling on a motion to set aside a default." *Brandenburg v. Feterl Mfg. Co.*, 603 N.W.2d 580, 584 (Iowa 1999) (citation omitted).  We will not reverse the district court's ruling unless there has been an abuse of discretion.  *Id.*  The party filing a motion to set aside a default judgment "has the burden to plead and prove good cause under the rule."  *Id.*

Rebecca asserts that the default judgment was due to excusable neglect or unavoidable casualty.  In considering whether a default judgment should be set aside on the grounds of excusable neglect, a court looks at:

> (1) whether the defaulting party actually intended to defend; (2) whether the defaulting party asserted a claim or defense in good faith; (3) whether the defaulting party willfully ignored or defied the rules of procedure or was the default simply the result of the mistake;

---

[4] The Iowa Supreme Court recently held a property owner showed good cause to set aside a default judgment based on alleged legal disability.  *No Boundry, LLC v. Hoosman*, 953 N.W.2d 696, 704 (Iowa 2021).  Rebecca does not make a similar claim on appeal.

and (4) whether relief is warranted should not depend on who made the mistake.

*Sheeder v. Boyette*, 764 N.W.2d 778, 781 (Iowa Ct. App. 2009). Unavoidable casualty is "some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing something that, except therefor, would have been done." *Halverson v. Iowa Dist. Ct.*, 532 N.W.2d 794, 799 (Iowa 1995) (citation omitted).

In regard to Rebecca's claim that she believed the trial date was December 15, 2019, the district court found, "[Rebecca] was clearly aware of the trial date, as she filed a Motion for Continuance on December 6, 2019, which the Court had denied, restating the correct trial date." Rebecca testified that she received the court's ruling denying her request for a continuance. The court noted the date of December 11 had been set for more than seven months—since May 7. The court further noted Rebecca never appeared for trial on December 15. Additionally, the record reflects that the trial date was also stated in the order issued following the November 2019 hearing. In her testimony, Rebecca stated she would not have been able to appear for either date. We determine Rebecca did not show her failure to appear was the result of a mistake.

The district court also found Rebecca's claim that she was financially unable to come to Iowa for the dissolution trial was not a "good cause" under rule 1.977 for failure to appear. The court stated, "indigent people routinely appear for trial on their scheduled court dates, and [did] not find indigency alone to provide an adequate excuse for failure to appear." Rebecca has not presented any legal authority to support her claim that her financial condition should be considered a

"good cause" for setting aside the default dissolution decree. *See* Iowa R. Civ. P. 6.903(2)(g)(3) (noting that the failure to cite authority in support of an issue is a waiver of the issue).

Rebecca asserts that one of the reasons she left Iowa was due to abuse. A person's flight to avoid domestic abuse may be considered an unavoidable casualty, and as such, support a ruling to set aside a default decree. *See In re Marriage of Marconi*, 584 N.W.2d 331, 334 (Iowa 1998). The district court found Rebecca did not adequately show that she moved to Montana due to domestic abuse.

We note Rebecca testified she obtained a protection order by means of EDMS. This contradicts her other testimony that she did not understand EDMS and was not using it. Furthermore, Rebecca received the court's ruling on her motion for a continuance, which stated the trial was set for December 11. In addition, although Rebecca testified that she believed she would receive paper documents concerning the dissolution action, she did not take steps to keep the court apprised of her address so she could receive paper documents.[5]

The court found Rebecca's testimony concerning her reasons for missing the dissolution trial was not credible. The evidence does not support her claim the trial date was changed from December 15 to December 11, or her claim that she did not understand how to use EDMS. *See Sheeder*, 764 N.W.2d at 781 (noting that when a person's reasons for defaulting are not credible, the person has not put forward a "truthful reason," and is therefore unable to prove good cause for the

---

[5] Rebecca continued to use her address in Fairfield, Iowa, on court documents after she relocated to Montana.

default).  We conclude the district court did not abuse its discretion in denying Rebecca's motion to set aside the default dissolution decree.

## IV.    Attorney Fees

"'Appellate attorney fees are not a matter of right, but rather rest in this court's discretion.'  In determining whether to award appellate attorney fees, we consider 'the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal.'"  *In re Marriage of McDermott*, 827 N.W.2d 671, 687 (Iowa 2013) (quoting *In re Marriage of Okland*, 699 N.W.2d 260, 270 (Iowa 2005)).  We also consider whether a party was obligated to defend the district court's decision.  *In re Marriage of Berning*, 745 N.W.2d 90, 94 (Iowa Ct. App. 2007).

Rebecca's appellate brief does not mention appellate attorney fees. Despite this, Sohrab's appellate brief contains a section arguing that Rebecca is not entitled to appellate attorney fees.  Because Rebecca has not requested any attorney fees for this appeal, we do not consider an award of appellate attorney fees in her favor.

Sohrab also claims that he should be awarded attorney fees for this appeal in the amount of $7500.  We find Rebecca does not have the financial resources to pay Sohrab's appellate attorney fees, and we order that he should pay his own attorney fees.

We affirm the district court's decision denying Rebecca's motion to set aside the default dissolution decree.

**AFFIRMED.**